Parks, appellant, *v.* Barkley, respondent.

Pleading — *forcible entry — answer — issue of title.* In an action of forcible entry and unlawful detainer, an allegation in the answer that the defendant was in the actual possession of land and entitled to such possession, does not raise the issue of title.

Pleading — *conclusion of law.* The averment in an answer, that a party is entitled to the possession of land, is a conclusion of law.

Title to Land — *prior appropriation.* The first appropriator of land in this Territory acquires a title to the same, which is valid against all persons except the United States and its grantees.

Pleading — *forcible entry — title — gist of action.* In the action of forcible entry and unlawful detainer, the question of title is an immaterial issue; and the gist of the action is the actual possession of the premises by the plaintiff, and his forcible ejection from the same by the defendant.

*Appeal from the First District, Jefferson County.*

In May, 1872, the court, Murphy, J., dismissed this action, and Parks appealed. The facts are stated in the opinion.

G. G. Symes and A. G. P. George, for appellant.

The court erred in dismissing this action. The pleadings do not raise the question of title. The complaint is in the usual and proper form. 2 Estee's Pl. 520.

The question of title cannot arise in a forcible entry and detainer case. The object of the law is to prevent the disturbance of the peace by the forcible assertion of a private right. The proof of title does not affect the case. *McCauley* v. *Weller*, 12 Cal. 524; *Mitchell* v. *Davis*, 23 id. 381; S. C., 20 id. 45. The fact of possession, and not the right of possession, is the issue to be tried.

The averment of title in this case may be treated as surplusage, and a denial thereof raises no material issue. *More* v. *Del Valle*, 28 Cal. 170. If the plaintiff relies on a forcible entry, the defendant will not be permitted to introduce evidence of title to the premises. *Thompson* v. *Smith*, 28 Cal. 532.

The question of title is not raised by the pleadings in

this case.   If a party appears, answers and tries his case in the justices' court, and makes no motion to dismiss the case, he cannot make such a motion for the first time in the district court.

SHOBER & LOWRY, R. H. WILLIAMS and E. W. TOOLE, for respondent.

The pleadings put in issue the possessory title.   A justice of the peace cannot inquire into this title.   Organic Act, § 9.

This is not an action of forcible entry and detainer.   No demand for restitution is made.   There is no allegation that respondent is in possession of the premises.   The complaint asks damages for destroying a foundation of appellant.   It is trespass.   2 Bish. on Crim. Law, 421.

If appellant claims damages for the destruction of a building, he must show the amount of his interest in the building. 2 Estee's Pl. 409, § 10.

The owner of land can use such force as is necessary to prevent a person from acquiring possession.   *People* v. *Payne*, 8 Cal. 341 ; *McCarty* v. *Fremont*, 23 id. 196 ; *Hoag* v. *Pierce*, 28 id. 188.

When the title to land is involved, the justice must certify it up.   *Dickson* v. *McGuire*, 9 Cal. 46 ; *Cullen* v. *Langridge*, 17 id. 67 ; *Henderson* v. *Allen*, 23 id. 519.

In a mere action for damages to land the question of title is involved.   A party is not answerable in damages to one who has no right to the premises, and is himself a tortfeasor.   The title of the owner would be a good defense to an action brought for damages by the wrongful possessor. Hill. on Juris. 299.

An entry upon premises by tearing down a foundation, is a trespass to the realty.   1 Bish. on Crim. Law, 419.

KNOWLES, J.   This was an action of forcible entry and unlawful detainer.   The complaint is in accordance with the precedents, and states facts sufficient to constitute a cause of action.   The cause was tried before a justice of the peace,

and a verdict rendered for plaintiff and judgment entered accordingly. From this judgment the defendant appealed to the district court for Jefferson county. The defendant renewed a motion before the district court he had made in the justices' court for a dismissal of the cause of action, for the reason that the question of title had been raised by the pleadings. The court sustained this motion and dismissed the cause, to which ruling the plaintiff duly excepted, and brings his appeal to this court, assigning this ruling as error. ·

The first question for us to determine is, was the question of title to the real estate about which this controversy occurred, raised by the pleadings. The complaint shows that the plaintiff was in the actual, peaceable and quiet possession of the piece of land described in the complaint on a certain day, that on that day, while plaintiff was in possession thereof, the defendant, with violence and strong hand, entered thereon and forcibly ejected him. Nowhere in the complaint is there any allegation of title, or any allegation that, by any construction, can be construed into an allegation of title.

The answer denies the allegations of the complaint, and alleges that the defendant was in the actual, quiet and peaceable possession of the property described, and that while so in possession the plaintiff entered, and he used only such force as was lawful and necessary in ejecting him. The only allegation in the answer which respondent claims raises the issue of title is the following :

"That on the said 5th day of April, A. D. 1872, and for a long time prior thereto, this defendant was in the actual, peaceable and quiet possession, and now is entitled to the actual, peaceable and quiet possession thereof of all that certain piece or parcel of land in said complaint described, save and except about three feet thereof next adjoining the hotel of said plaintiff."

There is no other allegation in the answer which there can be the slightest pretense made for as raising the question of title. This one most assuredly does not. The allegation that the defendant was in the actual possession of the prop-

erty does not show that he had title to the property. The defendant may be a tenant or a trespasser and be in the actual possession of the property. The allegation of the right to the possession is an allegation of a conclusion of law. The right to possession depends upon certain facts, and these are not alleged. The allegation that a man is in the possession of property does not show that he is entitled to the possession. If such an allegation as that was sufficient, all that a party litigant would be required to do would be to prove it, and no matter how wrongfully he might be in possession, how much of a trespasser, he would be able to show that he was entitled to the possession. The fact that much of our real estate in this Territory has been held by a possessory title, makes no difference. The theory under which such titles are sustained is that the first appropriator does acquire title to the land he appropriates as against all persons but the government of the United States, and that should the government of the United States, or no one under it, ever assert title to the property, he would have the absolute title. He who has the right to the possession of real estate has a title in or over it. And a person to show that he is entitled to the possession of real estate must prove that he, or some one under whom he claims, had appropriated the ground, or had title of which he has possession. Prior possession, of course, is evidence of title, or of appropriation. For these reasons we do not think the question of title was raised by the pleadings.

In the second place I hold that if the answer does present the issue of title, it was an immaterial issue. The gist of the action of forcible entry and unlawful detainer is : Who was in the actual possession of the property, and was the person so in the actual possession of the property forcibly ejected therefrom by the defendant? The object of this action is to prevent men from taking the law into their own hands and seeking to set themselves right by force. A defendant may have the title to property and be justly entitled to the immediate possession thereof, and the possession of the plaintiff ever so much of a wrong, yet the law will not

allow the defendant to right himself by force. If it was permitted, there would be no end to breaches of the peace and personal contests about the possession of real property. Hence it is no answer to the charge, that while the plaintiff was in the actual possession of the property, the defendant entered and forcibly ejected him, for the defendant to say I owned the property and had a right to the possession thereof at the time and did nothing but what was necessary to regain my rights. The law, as I have said, will not permit a man to regain his rights by force. The law furnishes him a remedy for his rights in the action of ejectment.

For these reasons I think the court erred in its ruling. The judgment of dismissal is reversed, and the cause remanded.

*Judgment reversed.*