BOARDMAN, respondent, *v.* THOMPSON ET AL., appellants.

FORCIBLE ENTRY AND DETAINER — *title cannot be shown.* In an action brought under the statutes of Montana for forcible entry and unlawful detainer (Codified Statutes, 1872, chap. 3, p. 163), the defendant cannot be permitted to show title in himself, or to disprove the title of plaintiff. This action was not designed to supersede that of ejectment. The decisions under the differently worded statute of California are inapplicable in Montana.

LAWFUL ENTRY. An entry by law is only given after an adjudication by a court, and judgment awarding possession.

POSSESSION BY CONSENT. The law requires one whole year's quiet possession by defendant to bar plaintiff's action under the statute, and consent will not be presumed from the plaintiff's silence for any shorter period.

PRACTICE. Where the transcript fails to give the full evidence adduced on the trial, this court will presume that plaintiff's possession was satisfactorily proved to support the judgment rendered in the court below, though the evidence included in the transcript presented is insufficient for the purpose.

EVIDENCE. Evidence of staking a claim in this action is competent to show the extent of plaintiff's possession, on the same grounds as a deed would have been to show boundaries.

*Appeal from Second District, Deer Lodge County.*

THIS action, to recover the possession of a quartz mining claim, was tried in the court below by KNOWLES, J.

A. E. MAYHEW, and SHARP & NAPTON, for appellants.

The plaintiff did not prove possession in himself in such way as to entitle him to maintain this action. Staking a claim in the name of a company must be accompanied with evidence showing that the party so doing was agent or lessee. *Overman S. M. Co.* v. *Am. Mining Co.*, 7 Nev. 312.

If entry is made in temporary absence of plaintiff he should attempt to re-enter or bring action as soon as he has knowledge of the fact. Silence gives consent to the possession. By the instruction given by the court below this form of action is placed on the same footing as ejectment.

Defendants should have been permitted to prove title.

Peaceable entry by law is given when the party owns the property upon which he enters, even though another temporarily absent claims possession.

Section 636, in connection with sections 643 and 652 of the Code of Civil Practice, 1872, show that a defendant may prove title in himself to justify his entry and make it a peaceable reoccupation of his own property. 38 Cal. 410 ; 41 id. 242 ; 45 id. 495, 597, 677.

W. W. DIXON, and SANDERS & CULLEN, for respondents.

The statement of evidence being stricken out all presumptions of law are in favor of sustaining the verdict and judgment.

It is wholly immaterial for whom the plaintiff stakes the ground in dispute. The evidence was competent to prove the extent of possession.

Questions of title or right of possession cannot arise in this form of action. *McCauley* v. *Weller*, 12 Cal. 524 ; *Mitchell* v. *Davis*, 23 id. 381.

The Montana statute differs essentially from the California act of Forcible Entry.

The evidence offered by defendants was inadmissible under the pleadings, even if the California statute was law in Montana.

It was not a question of civil right, but of public mischief. 2 Wharton's Cr. Law, 2044.

WADE, C. J. This is an action under the Forcible Entry and Detainer Act, instituted by the plaintiff to recover the possession of a portion of the Original Quartz lode, situate in the Summit Valley Mining District, Deer Lodge county.

Our statute, giving this action and defining its nature and extent, is in effect but declaratory of the common law, as modified

by early parliamentary enactments and is as follows: "Sec. 636. No person or persons shall hereafter make any entry into lands, tenements, or other possessions, or by entering upon any gulch mining claim, or any quartz mining lode claim, or other mining claim in the temporary absence of the party or parties in possession, or by entering peaceably and the turning out by force or frightening by threats, or other circumstances of terror, the party or parties out of possession, and detain and hold the same. In every such case, the person so offending shall be deemed guilty of a forcible entry and detainer within the meaning of this act; but not in cases where entry is given by law, and in such cases not with strong hand, nor with multitude of people, but only in a peaceable manner; and if any person from henceforth do the contrary, and thereof be duly convicted, he shall be punished by fine." Sec. 643. "On the trial the complainant shall only be required to show, in addition to the forcible entry or detainer complained of, that he was peaceably in actual possession at the time of the forcible entry, or was entitled to the possession of the premises at the time of the unlawful holding over. The defendant may show in his defense that he or his ancestors, or those whose interest in such premises he claims, have been in quiet possession thereof for the space of one whole year together next before the said inquisition, and that his interest therein is not yet ended or determined; and such showing shall be a bar to the prosecution; and in no case where the title to land is involved, shall a justice of the peace have cognizance."

This statute was designed to protect the *possession* of real property. It provides a summary remedy when such possession is invaded, either by a forcible entry, or by a peaceable entry in the temporary absence of the person in possession or by unlawful detainer. It restricts the issue at the trial to an inquiry into the actual and peaceable *possession* of the complainant, and the forcible entry or unlawful detainer of the defendant. It makes a whole year's peaceable, actual possession by the defendant a bar to the action, but it permits no inquiry either by complainant or defendant as to the *right* of possession. It inquires after the fact of peaceable, actual possession, but does not trouble itself as

to the *right*. That inquiry belongs to another form of action and to another tribunal. At common law a forcible entry or an unlawful detainer of real property was a public offense (4 Blackstone's Com. 148) and punished accordingly, but it was always an offense against the peaceable possession of the person in such possession, in which the question of the right of possession was not involved and could not be tried, the purpose of the trial being to punish the violence by which the forcible entry or the unlawful detainer was accomplished, and to restore the *possession* to the person from whom it had been violently taken or detained. And our summary civil remedy based upon and growing out of this public offense at common law preserves this distinguishing characteristic, and forbids an inquiry into the title or right of possession of the person who by force and violence has been deprived of his peaceable possession, and is content to restore such possession to the person who has been violently deprived thereof, the great purpose of the action being to place the parties in the position they occupied before any force or violence had been used. Wnen restored to this position, and not before, are they in a situation to institute a suitable action before a proper tribunal to try the question of title and right of possession. The obvious aim of the statute is to prevent any man from asserting his title or right by violence. Its purpose is to defeat the occupation and possession of property by force, and to cause every man to submit to the law instead of being a law unto himself.

1. After these general observations as to the meaning and purpose of the statute in question, we come now to inquire: Did the court err in excluding the evidence of defendant's title to the mining ground described in the complaint? In other words, is title an issue in an action of forcible entry and detainer? This question might be satisfactorily answered by ascertaining what it is necessary for the plaintiff to establish in order to maintain the action. And for this purpose it is only necessary to again look at section 643 of the act, where it is declared that the complainant shall only be required to show, in addition to the forcible entry or detainer complained of, that he was peaceably in the actual possession at the time of the forcible entry, or was entitled to

the possession at the time of the unlawful holding over. The defendant may controvert this possession of the plaintiff, and show possession in himself for the period of one whole year next before the inquisition, and this is the extent of his defense. It follows, therefore, that if the plaintiff establishes the fact that he was peaceably in the actual possession of the premises, and that the defendant at the time forcibly entered and took possession, he maintains his action, no matter if the defendant at the time of his entry was the owner of the title and entitled to the possession, and as to such title and right of possession they are wholly immaterial matters, forming no defense to the action, and cannot be inquired into. Our statute is not peculiar in narrowing the issues and in limiting the defenses in this summary proceeding. In this regard we have followed the common law, as have the statutes of most of the States. Said Lord KENYON: "If the landlord had entered with a strong hand to dispossess the tenant with force (after the expiration of his term), he might have been indicted for a forcible entry." *Taunton* v. *Costar*, 7 Term R. 431. Said Sir WILLIAM RUSSELL: " There is no doubt that in England a party is indictable for forcible entry into premises in which he has the legal title." 2 Whart. Crim. Law, 2038.

At common law no allegation beyond possession was necessary, and of course mere possession was sufficient to support the prosecution. 2 Whart. Crim. Law, 2042. A party peaceably in the actual possession of lands at the time of a forcible entry, or in the constructive possession thereof at the time of a forcible holding over, is entitled to proceed under the statute of forcible entry and detainer, though he is neither seized of a freehold nor possessed of a term of years in the premises. 4 Black. Com. 148.

The defendant can neither go into evidence to disprove the title of the plaintiff nor to establish his own. The question of title cannot be raised ; the possession only of the plaintiff must appear ; and the party in peaceable possession cannot be legally ejected by force, though not entitled to such possession ; but the question of right does not arise, and the defendant cannot set up his right as a defense to his forcible entry or unlawful detainer.

2 Whart. Crim. Law, § 2044; *Bliss* v. *Range*, 6 Conn. 78; *Black* v. *State*, 3 Yerg. (Tenn.) 588 ; *Shandy* v. *School Directors*, 32 Ill. 290; *Smith* v. *Hoag*, 45 id. 250 ; *Hunt* v. *Wilson*, 14 B. Monr. (Ky.) 44; *Spalding* v. *Mayhall*, 27 Mo. 377 ; *Gibson* v. *Tong*, 29 id. 133 ; *Settle* v. *Henson*, 1 Morris (Iowa), 111; *Clark* v. *Stringfellow*, 4 Ala. 358; *Mitchell* v. *Davis*, 23 Cal. 381; *Dutton* v. *Tracy*, 4 Conn. 79 ; *Fortier* v. *Ballance*, 18 Ill. 539.

It is claimed, however, that the California Forcible Entry and Detainer Act, and the decisions thereunder, have made an innovation upon the general rules as established by this long and unbroken line of decisions, and that the same are applicable to our statute. This claim requires examination.

Section 3 of the California Act of 1866 is as follows: " If any person shall in the night time, or during the absence of the occupant of any lands or tenements, unlawfully enter upon such lands or tenements," etc., such person shall be deemed guilty of forcible entry, etc. In the case of *Conroy* v. *Duane*, 45 Cal. 601, arising under this act, the court held, not indeed that the defendant may make a defense by proving title and the right of possession in himself, as if these things were issues in the case, but that title and the right of possession may be proved in the defendant to show his good faith in making the entry, and that the same was not unlawful. Also, in the case of *Powell* v. *Lane*, 45 Cal. 678, the court say that an entry is not *unlawful* within the meaning of the third section of the act (quoted above), which was made peaceably and in good faith; referring to *Shelby* v. *Houston*, 38 Cal. 410. And in *Townsend* v. *Little*, 45 id. 676, it was held, that if the defendant entered upon the land in good faith, believing she had a legal right to enter, the action of forcible entry and detainer could not be maintained against her.

But I apprehend that even under the California statute, the circumstances in mitigation or in excuse of the entry should be properly pleaded in order to be proved, and if these decisions were applicable to the case in hand, under our statute, the failure of the answer to make these averments would preclude their proof. But our statute wisely, it seems to me, does not submit the question of the propriety of making a forcible entry to the

judgment of the defendant. It does not permit the forcible *act* in the first instance, and the trial of the *right* thereafter. It holds out no such inducement or invitation to any one to take forcible possession in the presence of the party in possession, or in his temporary absence to peaceably take possession and thereafter to hold it by force, and after a scene of personal violence and conflict, to try the question of the right of possession, not even though such person was clothed with the title and the right of possession. Our statute makes an entry under such circumstances unlawful, and brings the party making it within the prohibitions of the Forcible Entry and Detainer Act.

The party entitled to the possession cannot take or hold such possession, and thereafter, in action of forcible entry, have his right to such possession adjudicated. But the proceedings under the statute were designed to undo the act of the party in taking or retaining forcible possession under a claim of right, and to place the parties in their former position, so that in a proper action their rights might be adjudicated. The Forcible Entry and Detainer Act was not designed to supersede the action of ejectment.

2. Our statute makes an entry lawful where it is given by law, and it is claimed by appellant by virtue of the California decisions before cited, that an entry is given by law where the party owns the property upon which he peaceably enters, even though another temporarily absent claims the possession. We do not understand that an entry is given by law until there has been an adjudication of the right, and a judgment awarding the possession. If land is bid off on a judgment, and the time of redemption has expired, a writ of assistance would issue to put the purchaser in possession. In such a case an entry would be given by law. But where the rights of the parties are undetermined, and the right of possession is claimed by both, if one of them, in the temporary absence of the other, takes peaceable possession, it cannot be said that his entry is given by law. Our statute pointedly declares that in such a case the person making the entry shall be deemed guilty of a forcible entry, and treated accordingly.

3. The next assignment of error is predicated upon the following instruction given to the jury by the court: " If the jury believe, from the evidence, that the plaintiff consented to the possession taken by defendants, even though the possession was taken in the temporary absence of the plaintiff, they should find for the defendants. In determining whether or not the plaintiff consented to such possession, the jury may take into consideration the actions of the parties and their declarations. Mere silence, unless protracted for one year, would not warrant the jury in finding consent."

Our statute provides (§ 643) that quiet possession by the defendant for one whole year shall bar the prosecution.

If it requires a whole year's quiet possession by the defendant to bar the plaintiff's action, so, for the same reason, it ought to require a whole year's silence by the plaintiff before his consent to the defendant's possession can be presumed. The quiet possession of the defendant should ripen into a defense under the statute at the instant that the plaintiff by his silence forfeits his right of action. Until that period the plaintiff may maintain his action, for the reason that the defendant can interpose no bar to the prosecution. If under the statute quiet possession for 364 days by the defendant is no defense, then the plaintiff's silence for that period ought not to bar his action. The plaintiff's silence then gives no advantages, and confers no rights upon the defendant unless the same is continued for one whole year. It follows, therefore, that if the defendant makes a forcible entry, or a peaceable entry in the temporary absence of the plaintiff in possession, the plaintiff has one whole year in which to institute his action to recover the possession, unless he sooner gives his consent to the defendant's possession, and such consent cannot be presumed by his silence until one year has elapsed.

If after such an entry by the defendant, the plaintiff may fail for one day or one month to prosecute his action to recover possession, he may so fail for any length of time short of the period when the defendant's quiet possession defeats his action, for as long as the possession of the defendant does not ripen into a right, so long the silence of the plaintiff creates no bar.

4. The body of the testimony was stricken from the transcript, and only one item thereof is preserved in the record, viz.: that mentioned in the bill of exceptions, number one, and in substance is as follows: That the plaintiff, on or about the 28th day of January, 1878, staked the ground described in the complaint, by placing at each corner thereof a stake marked, N. M. & E. Co., meaning thereby the National Mining and Exploring Company. This testimony alone would not be sufficient to show the plaintiff's possession, but as only a small portion of the evidence in the case is before us, we must presume that such possession is satisfactorily established by showing that although the plaintiff marked the stake N. M. & E. Co., he in fact located the ground for himself, or that he was the lessee or grantee of the company, and if there was such proof, the item of evidence contained in the bill of exceptions, number one, was competent to show the extent of plaintiff's possession. A deed giving the boundaries of the property would have been admitted for the same purpose. *Brooks* v. *Bruyn*, 18 Ill. 539; *Mitchell* v. *Davis*, 23 Cal. 381.

The testimony being competent for one purpose, it was properly admitted.

It is, therefore, ordered that the judgment be affirmed with costs.

*Judgment affirmed.*