DENNIS SHEEHY, RESPONDENT, v. JOHN FLAHERTY, APPELLANT.

FORCIBLE ENTRY AND DETAINER— *Jurisdiction*— *Neither title nor right of possession issuable.* —An action under the Forcible Entry and Detainer Act (Comp. Stats. div. 1, §§ 716-733) was instituted before a justice of the peace, who refused to certify the case without trial to the District Court under section 779, division 1, Compiled Statutes, on an objection that the title to real estate was involved. The District Court in the trial on appeal refused to allow any question of title to be raised either in the evidence or by the instructions. *Held*, that the justice of the peace committed no error; that the District Court had jurisdiction of the case; and that in such an action neither the title nor the right to the possession of land can be made an issue, citing *Parks* v. *Barkley*, 1 Mont. 514, and *Boardman* v. *Thompson*, 3 Mont. 387.

SAME— *Force*— *Defective instruction.* — On the trial in the District Court of an action under the Forcible Entry and Detainer Act, appealed from a justice of the peace, the following instruction was given : "While the element of force in order to constitute this offense is a term which in law means any act which deprives the owner of his property as the breaking of his enclosure, it is not necessary that it should amount to personal violence or such acts as to intimidate the owner, by means of which possession is relinquished. In other words, if the defendant entered into the fields of plaintiff by laying down his fence, breaking his enclosure, going upon it with his team and men, mowing the grass and cutting the grain, this will be in law a forcible entry." *Held*, that while the court did not wish to be understood as declaring that an entry made in the presence of one in possession must be accompanied by actual physical force, or actual or threatened breach of the peace, to constitute a forcible entry as contemplated by the statute, the instruction was erroneous, inasmuch as the definition of forcible entry therein contained would include even a lawful entry.

SAME— *Nature of action.* — *Held*, in the case at bar, that the action of forcible entry and detainer is *quasi* criminal in its nature, and is designed to prevent breaches of the peace ; that it is not intended as a substitute for the action of trespass, and does not admit of a defense of title or right of possession ; and that the defense thereto must be confined to actual possession under section 723, division 1, Compiled Statutes.

*Appeal from the First Judicial District, Jefferson County.*

STATEMENT.

The plaintiff brought an action in forcible entry and detainer before a justice of the peace of Jefferson County. The complaint alleged that while the plaintiff was in the possession of certain land the defendant entered thereon by breaking down a portion of the fence enclosing the same, and cut and removed certain growing crops therefrom; and that he was unlawfully detaining and withholding the possession of the premises from the plaintiff. The prayer was for the restitution of the land, and for damages. The answer denied the averments of the complaint, and set forth as a defense that the defendant was entitled to hold, and did possess the land in dispute as a homestead, under the laws of the United States. After filing his answer the defendant made a motion that the case be certified by the justice to the District Court, which motion was denied; and thereafter, on motion of the plaintiff, the justice struck out of said answer all portions thereof alleging title in the defendant.

The justice having rendered a judgment for the plaintiff, the case was appealed to the District Court. In said court, a motion of the defendant to dismiss the action on the ground that the complaint sought to blend trespass with forcible entry and detainer, and that the justice had no jurisdiction of trespass to realty, was overruled; and a motion of the plaintiff to strike from the answer all allegations setting forth title to the land was sustained. Upon the trial the District Court instructed the jury as follows:—

"This action is brought under section 716 of the Code of Civil Procedure, which provides that no person or persons shall hereinafter make any entry into lands, tenements, or other possessions of others; and in every such case the person so offending shall be deemed guilty of forcible entry and detainer within the meaning of this act. . . . . The *gravamen* of this action is a question of actual possession. It does not involve a question of title, and you will not consider any evidence that may be before you looking to the question of superior title or right to the land in controversy, as that is excluded. . . . . Actual possession means possession by occupancy, evidenced by dwelling upon the land or having it fenced."

The other instruction granted is set forth in the opinion. The

jury found for the plaintiff, and assessed his damages at three hundred dollars. Judgment was rendered according to the verdict, and the defendant appealed

*J. H. Shober,* and *William Hay,* for Appellant.

The instructions given by the trial court were erroneous. Force, by the terms of the pleading of plaintiff, is made the very substance and gist of the action. And the evidence should have shown actual force, and the court should have so instructed the jury, and not have instructed them as it did. (See *Frazier* v. *Hanlon,* 5 Cal. 156, and authorities there cited, p. 157, et seq.; *Williams* v. *Warren,* 17 Wend. 257; also, *Merrill* v. *Forbes,* 23 Cal. 380; *Thompson* v. *Smith,* 28 Cal. 528, et seq.; *McMinn* v. *Bliss,* 31 Cal. 123.) As to the court's refusing to permit defend- ant to show by competent testimony that the title was perfect in him, and that plaintiff was the trespasser, see *Dennis* v. *Wood,* 48 Cal. 361, and authorities there cited. This evidence was to show that defendant acted in good faith and under the belief that he had a just and legal right so to do. For that purpose it was competent—not for the purpose of establishing title, and was not so intended. The statutes under which the above decisions are referred to, differ in no material particular from the statutes of Montana. The attorneys for respondent have referred to section 34, page 66, of the Compiled Statutes of Montana. That section in no manner appertains to actions of this kind. It refers solely to adverse possession. We can only account for the ruling of the honored judge on the trial of this case, in consequence of the decision of the Supreme Court of this Territory, in the case of *Boardman* v. *Thompson,* 3 Mont. 387, staring him in the face; but that decision is not in point, even if good law. It was undoubtedly the duty of the justice to have certified the case at bar to the District Court under section 779, page 261, Compiled Statutes. This was the first fatal error, and his failure so to do rendered all proceedings thereafter *coram non judice.* (*Ferguson* v. *Kumler,* 25 Minn. 186.) Our statute is even stronger than the Minnesota statute—our statute makes it imperative whenever the question of title is raised by the pleadings.

*Cowan & Parker,* for Respondent.

This was an action for a forcible entry and unlawful detainer. The plaintiff relied upon the forcible entry, in which case actual possession is the gist of the action, and the questions of title and right of possession cannot arise. (*Parks* v. *Barkley*, 1 Mont. 514; *Mitchell* v. *Davis*, 23 Cal. 381; *McCauley* v. *Weller*, 12 Cal. 524, and cases therein cited.) The Justice's Court did not commit error in refusing to transmit the case to the District Court, and in striking out that part of the answer setting up title and right of possession in the defendant, as these questions could not be litigated, and tendered to the plaintiff an immaterial issue, which might be treated as surplusage and stricken out. (See cases above cited; also, *More* v. *Del Valle*, 28 Cal. 170.) The plaintiff proved actual possession in himself by enclosure and residence since March, 1886, and the forcible breaking of his enclosure and entry by defendant. As to what constitutes possession, see Compiled Statutes of Montana, page 66, section 34; *Conroy* v. *Duane*, 45 Cal. 597. As to what constitutes force, see *Croff* v. *Ballinger*, 18 Ill. 200; 65 Am. Dec. 735. The plaintiff relying on the forcible entry, the court did not err in refusing to permit defendant to prove title or right of possession.

BACH, J. — This is an action brought under the Forcible Entry and Detainer Act. It was commenced in the Justice's Court of Boulder Township, and the defendant took an appeal to the District Court of Jefferson County. The defendant appeals from the judgment entered against him in that court.

The Supreme Court of this Territory has twice decided that neither title nor the right of possession is at issue, or can be made an issue in an action of this kind. (See *Parks* v. *Barkley*, 1 Mont. 514; *Boardman* v. *Thompson*, 3 Mont. 387.) Those cases, we think, state the rule correctly. We decide, therefore, that the District Court had jurisdiction on appeal from the Justice's Court, because the latter court had jurisdiction, and properly refused to certify the cause to the District Court without trial; and that the district judge properly refused to allow any question of title to be raised either in the evidence or by the instructions. It appears from the statement on appeal that while the plaintiff was in the actual possession of certain lands,

the defendant took down a portion of the fence which was stand-
ing on the premises and entered thereon, and cut and removed
therefrom some hay. The entry was made in the presence of
the plaintiff. The testimony does not show that any actual force
was used or threatened, or that the entry was made against the
will or protest of the plaintiff. The court charged the jury as
follows: "While the elements of force in order to constitute
this offense is a term, which, in law, means any act which
deprives the owner of his property, as the breaking of his
enclosure, it is not necessary that it should amount to personal
violence, or such acts as to intimidate the owner, by means of
which possession is relinquished. In other words, if the defend-
ant entered into the fields of the plaintiff by laying down his
fence, breaking his enclosure, going upon it with his team and
men, mowing the grass and cutting the grain, this will be in
law a forcible entry."

The action for forcible entry and detainer is *quasi* criminal;
it is a statutory action, framed to prevent breaches of the peace,
and the settlement of conflicting claims by force. Therefore the
defendant cannot justify by showing either perfect title or right
of possession, but must confine his defense to actual possession.
(See Comp. Stats. § 723, p. 247; also cases already cited.) The
action is not a substitute for the action of trespass, and was not
under the English statute from which our statute was taken.
The statute does not include every entry upon lands or every
trespass. As is stated by Chief Justic Wade in *Boardman* v.
*Thompson*, cited above, on page 378, "it provides a summary
remedy, when such possession is invaded either by a forcible
entry or a peaceable entry in the temporary absence of the per-
son in possession, or by unlawful detainer," the expression
"unlawful detainer" including a "peaceable entry and a forci-
ble turning out or frightening by threats."

We are not to be understood as declaring that there must be
actual physical force, or an actual or threatened breach of the
peace, in order to make an entry made in the presence of one in
possession a "forcible entry." But the trial judge, in the latter
part of the instruction, states to the jury what constitutes a "for-
cible entry," and the rule there stated would make every entry
upon land a "forcible entry," even though it was not made

against the protest of the party in possession and actually present. Such a rule would prevent a landlord from entering upon the premises to demand his rent or a surrender of the premises. (See Commonw. v. Dudley, 10 Mass. 404.) The case of Croff v. Ballinger, 18 Ill. 200; 65 Am. Dec. 735, lays down a rule more favorable to the respondent than we can find in any other reported case; but the instruction given to the jury in that action plainly states that the entry must be made "without the consent, and against the will of the party in possession."

We are of the opinion that the instruction complained of is erroneous. This seems to be a perversion of justice, for there is evidence in the record to sustain the verdict, and we believe that the trial judge would have modified the instruction if he had been requested so to do.

In this Territory as elsewhere, a general objection to testimony will not avail a party on appeal. But an instruction containing a correct rule of law when considered in the abstract, but faulty when applied to a particular case, is ground for a reversal, even though counsel for appellant raises no objection, even though he, at the trial, is content with the same. We believe that Montana is one of only two jurisdictions in which such a rule prevails; we believe that a bar and a people who complain of delay in obtaining justice would do well to amend the law in this respect, and that the same formality which applies to objections to evidence should apply to objections to instructions. If the instruction is plainly erroneous, the neglect of counsel to call the attention of the trial judge to it should constitute a waiver; on the other hand, if the error is so veiled as to escape the inspection of counsel learned in law, it may well be doubted that such error could injure his cause with the jury.

The judgment in this cause we consider a most righteous one; but there was an error in the instruction defining the law which is the foundation of the action. The judgment is accordingly reversed, and the cause is remanded for a new trial.

LIDDELL, J., concurs.

DE WOLFE, J.—I concur in the judgment reached by the majority of the court, that the instruction referred to was erro-

neous in neither alleging force nor threats, or that the entry was made without the will or consent of the owner.

*Judgment reversed.*

| 8 | 371 |
| 10 | 293 |

| 8 | 371 |
| 22 | 138 |

| 8 | 371 |
| 23 | 102 |

| 8 | 371 |
| 40 | 30 |
| e40 | 611 |