BRAND, APPELLANT, *v.* SERVOSS, RESPONDENT.

[Argued June 29, 1891. Decided July 27, 1891.]

INSTRUCTIONS—*Evidence.*—Where evidence has been introduced for a certain purpose in the trial of a cause, which would be inadmissible for any other purpose, an instruction by the court informing the jury what the evidence in question would ordinarily tend to show, but that there was no such question in the case, and explaining the exact purpose for which such evidence was admitted, is not objectionable as commenting on the weight of the evidence.

PUBLIC DOMAIN—*Declaration of occupant—Instructions.*—Under section 1663, fifth division of the Compiled Statutes, providing that the record of any declaration of an occupant of a portion of the public domain shall be received as presumptive evidence of the regularity of the paper itself, an instruction in an action for forcible entry and unlawful detainer, that a declaration is presumptive evidence of the regularity of the paper itself, though it need not be made or filed by a person in possession, is unobjectionable.

SUPREME COURT—*Appeal.*—Objections to the admission of testimony which are made and raised for the first time in this court will not be considered.

*Appeal from Eighth Judicial District, Cascade County.*

Action to recover possession of land. The cause was tried before BENTON, J. The defendant had judgment below.

*James Donovan,* for Appellant.

*Baum & Bishop,* for Respondent.

BLAKE, C. J.—This is an appeal from the order of the court overruling the motion for a new trial. The action was commenced to recover the possession of a tract of land under the provisions of the act concerning forcible entry and unlaw-

ful detainer. The jury found for the defendant, and the errors complained of, which are supported by argument or authority, will be reviewed.

The court overruled the objection of the plaintiff to the following question, which was propounded to the defendant: "At that time, what, if anything, did you do in furtherance of your possession or claim to the land?" A declaratory statement of Servoss, and a letter from the receiver of the United States land office, and a receipt on account of a survey, were admitted in evidence for the defendant. The brief states that the court erred in these rulings, and that this testimony was not admissible under the pleadings. No objection of this character was made at the trial, and passed upon by the court, and for this reason the exceptions based thereon will not be examined.

It is urged that the comments of the court upon the evidence in this instruction are erroneous: "There has been considerable evidence introduced here in the way of letters and certificates, applications to file, and other evidence that would ordinarily tend to show right of possession or such title as a man could acquire to unsurveyed land. But the question of right of possession and title is not in the case. That evidence was admitted before you for the purpose of throwing such light as it might upon the question of the possession of the plaintiff in this suit; it was not introduced or admitted by the court upon any other theory, except to give you such light as it naturally would give upon the question as to the possession of the property. You will therefore be careful to discriminate in this case, and recollect the fact that it is simply the question of the possession of this property — the actual, peaceable possession of the plaintiff at that time, September 1st — and not any right of possession nor any title at law." The learned judge applied the law which has always prevailed in our courts. (*Parks* v. *Barkley*, 1 Mont. 514; *Boardman* v. *Thompson*, 3 Mont. 387; *Sheehy* v. *Flaherty*, 8 Mont. 365.) The appellant does not maintain another position, but contends that "the court had no right to say what any portion of the evidence tended to establish." It is the duty of courts to give a proper construction to statutes, writings, and instruments. In the trial of causes testimony is often adduced which is competent for one purpose and incompetent for any

other, and jurors might reasonably be misled as to its application to the issues. In the instruction, *supra*, there is no opinion regarding the weight of the evidence, and the jury are properly informed respecting the subject of controversy and the proof.

The last assignment of error is that the court erred in the following instruction: "There has been evidence introduced before you of the fact of a declaration such as is prescribed by section 1663 of our statute, and prior sections, having been executed and filed by one of the parties to this suit. So far as that declaration is concerned, it is not necessary that a person in possession of land should make and file such a declaration, but where a person takes advantage of that statute, the paper is presumptive evidence of the regularity of the paper itself." What is the language of the section, *supra?* "In all legal or equitable proceedings hereafter instituted in any court in this Territory, the record of any declaration . . . . shall be received . . . . as presumptive evidence of the regularity of the paper itself." (Comp. Stats. div. 5, § 1663.) It is the contention of the appellant that this declaration was "presumptive evidence of the peaceable possession of the plaintiff." The statute has proclaimed the effect of this instrument, which was embodied in the instruction, *supra*.

No error appears in the record, and it is ordered that the judgment be affirmed.

*Affirmed.*

HARWOOD, J., and DE WITT, J., concur.