SPELLMAN, Respondent, *v.* RHODE, Appellant.

(No. 2,020.)

(Submitted June 16, 1905. Decided July 11, 1905.)

*Forcible Entry—Complaint—Sufficiency—Nature of Action—
Evidence—Variance—Self-serving Declarations—Defenses—
Counterclaim—Appeal—Pleadings—Theory of Case.*

Forcible Entry—Pleadings—Sufficiency—Appeal—Theory of Case.

1. Where the case was tried on the theory that the complaint stated a cause of action for a forcible entry under Code of Civil Procedure, section 2080, without objection by either party, its sufficiency will be determined on this theory on appeal, although it contains some allegations more appropriate to an action in ejectment.

Forcible Entry—Complaint—Sufficiency.

2. A complaint alleging that plaintiff was in possession of certain described lands, engaged in cultivating them as a homestead settlement, and that defendant forcibly and without right entered thereon and by force and arms ejected plaintiff therefrom, states a cause of action for a forcible entry under Code of Civil Procedure, section 2080, subdivision 1.

Forcible Entry—Neither Title nor Right of Possession Issuable.

3. In an action for forcible entry under Code of Civil Procedure, section 2080, neither the title nor the right to the possession of land may be made matters of investigation.

Forcible Entry—Evidence.

4. In an action under Code of Civil Procedure, section 2080, subdivision 1, for a forcible entry, evidence *held* insufficient to show that the entry was by violence.

Forcible Entry—Pleadings—Proof—Variance.

5. Where, in an action under Code of Civil Procedure, section 2080, subdivision 1, for a forcible entry, the evidence showed a peaceable entry, and a subsequent forcible turning out of plaintiff, which conduct is made a forcible entry by subdivision 2 of said section, the variance was such as to constitute a failure of proof, within section 772 of the same code, providing that when the allegation of the claim to which the proof is directed, is unproved in its general scope and meaning, it shall be regarded as a failure of proof.

Forcible Entry—Evidence of Title—Materiality.

6. In an action for forcible entry, evidence that before the entry plaintiff pointed out to witness the land in dispute, as part of a tract he intended to take as a homestead, tending to show a claim of homestead right merely, that is, inchoate title to the land in question, was immaterial, since the question of title could not become a material issue.

Forcible Entry—Evidence—Self-serving Declarations.

7. In an action for forcible entry, evidence in behalf of plaintiff, that before the act complained of, plaintiff stated that he claimed

one hundred and sixty acres, pointed out to witness the land he desired to take, and that the land pointed out was that in dispute, was incompetent, the statements so made to witness having been self-serving declarations.

Forcible Entry—Abandonment.
8. In an action for forcible entry, abandonment of the land by plaintiff subsequent to the wrong, furnishes no justification of the act complained of; neither is abandonment a pertinent inquiry in such an action.

Forcible Entry—Findings—Verdict.
9. Where, in an action for a forcible entry on certain land, the evidence showed that only part of the land was in dispute, a verdict to the effect that the jury found for plaintiff, and that he was entitled to possession of the land shown by the evidence to be in dispute, would, if the irrelevant finding as to right of possession were stricken out, allow a judgment for restitution of land not in controversy, and was erroneous.

Forcible Entry—Defense—Acts of Plaintiff After Entry.
10. In an action for forcible entry, acts of plaintiff subsequent to the entry are no defense.

Forcible Entry—Counterclaims.
11. Under Code of Civil Procedure, sections 690-692, providing for counterclaims, a counterclaim for money in an action for a forcible entry cannot be availed of.

*Appeal from District Court, Dawson County; C. H. Loud, Judge.*

ACTION by Thomas Spellman against George L. Rhode. From a judgment for plaintiff and an order denying defendant a new trial, he appeals. Reversed.

*Mr. Henri J. Haskell,* and *Mr. George W. Farr,* for Respondent.

*Mr. Sydney Sanner,* for Appellant.

Mr. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Action to obtain a judgment for the restitution of the possession of the south half of the southwest quarter and the northeast quarter of the southwest quarter of section 30, township 24 north, of range 60 east, situate in Dawson county, and for damages for a forcible entry thereon by the defendant. The plaintiff had verdict and judgment. The defendant has appealed from the judgment and an order denying a new trial.

Contention is made that the complaint does not state a cause of action. It certainly is not a model, for it contains many allegations which are inconsistent with the purpose sought. Some of them seem to have been inserted by the pleader on the theory that the action is one in ejectment, in that they tend to show inchoate title and right of possession under the homestead laws of the United States. The trial court adopted the theory, however, that it is a summary action for a forcible entry under the statute. (Code of Civil Proc., sec. 2080.) Since this was done without objection by the parties, and the cause was heard and proceeded to judgment on this theory, the appellant has no ground to complain that the course adopted by the court was not correct, provided the pleading is sufficient from the point of view adopted. Indeed, appellant does not complain that the district court adopted a wrong theory of the case, but insists that even upon its own theory the averments are not sufficient. This contention, we think, is without merit.

Rejecting as surplusage the averments referred to as inconsistent, the pleading alleges, in substance, that the plaintiff was in the spring of 1901 in actual possession of certain described lands, engaged in cultivating them as a homestead settlement, and that at that time the defendant forcibly and without right entered thereon, and by force and arms ejected plaintiff therefrom. Section 2080, *supra,* declares: "Every person is guilty of a forcible entry who either: (1) By breaking open doors, windows, or other parts of a house, or by any kind of violence or circumstance of terror enters upon or into any real property or mining claim; or (2) who, after entering peaceably upon real property or mining claim, turns out by force, threats or menacing conduct, the party in possession." The allegations of the complaint sufficiently set forth the elements of the cause of action provided for in the first subdivision of the section. The purpose of the provisions of the Code contained in the chapter in which this section is found (Chapter IV, Part III, Title III, Code of Civil Procedure) is to furnish a summary remedy to obtain possession of real property, and to pre-

vent even rightful owners from taking the law into their own hands and proceeding to recover possession by violence. (*Sheehy* v. *Flaherty,* 8 Mont. 365, 20 Pac. 687.) Section 2080 provides this summary remedy for the forcible entries therein defined, while section 2081 does the like for unlawful detainers, where (1) one person by force, menaces, or threats of violence keeps possession, however it may have been obtained; or (2) where one, in the night or during the absence of the occupant, unlawfully enters and for five days after demand refuses to surrender possession to the former occupant.

From even a casual examination of these sections it is apparent that section 2080 does not contemplate an investigation of the title or right of possession. (*Sheehy* v. *Flaherty, supra,* and cases cited.) Indeed, the issue of title or right of possession may not be made in an action under either section 2080 or 2081, unless it be that section 2092 of the Code of Civil Procedure, which declares what the parties may show, permits the issue of right of possession under some circumstances in actions under section 2081. Section 2092 was amended, when brought forward into the Code from the Compiled Statutes of 1887 (Compiled Statutes 1887, Division 1, sec. 723), by the substitution of the words "forcible detainer" for the words "unlawful holding over"; but how far, if at all, the general rule stated in *Sheehy* v. *Flaherty, supra,* was changed by the amendment, need not be discussed, as the question does not arise in this case. It is sufficient to say that such an issue cannot arise or be tried in the case at bar under the theory adopted by the court.

But while the pleading is sufficient, in our opinion the evidence does not support the verdict. The cause of action alleged is one arising under subdivision 1 of section 2080, while the evidence tends to show, if it supports any cause of action at all, one arising under the second subdivision. The lands in controversy were, at the time the alleged forcible entry was committed, unsurveyed public lands. They were inclosed by the plaintiff, with several hundred acres of other public land, by a common fence. The dwelling and outhouses of the plaintiff

are on the southeast quarter of the southeast quarter of section 25, township 24 north, of range 59 east. He claimed as his homestead this land, together with the east half of the southwest quarter, and the southwest quarter of the southwest quarter of section 30, township 24 north, of range 60 east. During the plaintiffs' absence from home, on May 22, 1901, the defendant entered the main inclosure, and, while intending to fence and occupy the east half of the southwest quarter of section 30 with other lands to the east, but not knowing where the lines were, fenced about one-half of this portion of the section by a line of fence running north and south, and joining the fence upon other lands to the east. He claimed it as a part of his homestead. Theretofore and since 1899 the plaintiff had been cutting hay from this land, and stacking and feeding it to his cattle. He had improved it somewhat by leveling the surface and sowing grass seed. He protected the hay by wire fences around the stacks. . Defendant's fences included these inclosures and what hay was there at the time he entered. During that season the plaintiff cut hay as before outside of defendant's fence, while defendant cut what grew within his inclosure, and used the land for pasturage. It does not appear distinctly whether the entry was made by the defendant by breaking down the fence of plaintiff, or whether it was through a gate. No force or violence was used by defendant until some months after the entry. On two occasions the plaintiff undertook to fence the land in dispute. On both occasions the defendant put him and his hired men off the land by force and threats. Subsequently, when the lines had been fixed by survey, the defendant moved his fence to the west so as to exclude the plaintiff entirely from all portions of the disputed ground, and up to the time the action was brought, maintained exclusive possession.

Now, assuming that the various acts of plaintiff in seeding the ground and cutting and stacking the hay and inclosing it in corrals, and thereafter feeding it to his cattle at the corrals, were sufficient to show actual possession, the facts detailed do not tend to support the allegations of the complaint, but rather

present a case falling under the second subdivision of section 2080, and there is such a variance between the allegations and the proof as that it must be said that there is a total failure of proof. (Code of Civil Proc., sec. 772.) The defendant is entitled to know with reasonable certainty what defense he is required to make. It seems manifest that, when charged with a forcible entry by means of violence and circumstances of terror, he cannot be convicted upon evidence which tends only to show that he entered peaceably, and thereafter, by force, threats or menacing conduct, turned the plaintiff out. The contention that the evidence is insufficient to sustain the verdict must therefore be sustained.

Complaint is made that the court erred in permitting the witness Meadors to testify over defendant's objections as to declarations made by the plaintiff in 1901 as to what lands he claimed or intended to claim as his homestead. The witness was permitted to state that at that time, being engaged in trying to fix the lines prior to the official survey, the plaintiff stated that he claimed one hundred and sixty acres, and pointed out to him where he desired to take it. The witness further stated, over objection, that the lands pointed out were those in dispute. If this evidence tended to establish any fact at all, it tended to show a claim of homestead right (that is, inchoate title to the disputed land), and not actual possession—a fact wholly immaterial, for title could not become a material issue. Besides, they were self-serving declarations of intention, which would not have been competent even upon the issue of title. The admission of this evidence was error.

Complaint is also made that the court erred in certain instructions submitted to the jury, and in refusing to submit certain others requested by the defendant. What has already been said as to the nature of the action and the issues properly involved renders it unnecessary to discuss the instructions. On another trial the court will doubtless find no difficulty in stating the law applicable to the case. Most of the criticisms made of the instructions submitted are verbal and without merit.

Some evidence was introduced by the defendant from which it was sought to have the jury draw the inference that the plaintiff had abandoned his claim to the land since the controversy arose. The court submitted certain instructions in this connection. Abandonment of the homestead claim could be a pertinent inquiry upon an issue of title only. As this was not an issue in the case, it was not a matter upon which the jury required instruction. Abandonment subsequent to the wrong could not be justification of it.

It is said that the verdict is not responsive to the issues It is as follows: "We, the jury, find for the plaintiff, and that he is entitled to the possession of the east one-half of the southwest ¼ of Sec. 30, Tp. 24 N., R. 60, and that he recover damages against the defendant in the sum of $285." Rejecting as surplusage the clause, "and that he is entitled to the possession," etc., it would be entirely responsive to the issues presented by the pleadings. The difficulty with it, however, is that the evidence shows that the only dispute is as to the land it describes, while, as a matter of fact, the complaint charges a forcible entry also upon the southwest quarter of the southwest quarter of section 30. As it stands, it embodies a finding upon an issue that was not in the case, and, if this be omitted, it would authorize a judgment for restitution of land not in dispute. It should, in form and substance, have found that the defendant was guilty of a forcible entry upon the portion of the land described, and fixed the amount of damages. On another trial this error may be avoided by submitting a proper form, enabling the jury to respond in their finding to the issue actually tried.

Prior to the trial the court, on motion of plaintiff, struck out a portion of defendant's answer in which he alleged certain acts of plaintiff occurring subsequent to the alleged forcible entry as an estoppel. At the same time the court also struck out of the answer, on motion, most of a number of items set up in a separate count as a counterclaim for damages. This action of the court is assigned as error. We think the court was correct in both instances. The defendant could not be

heard to say that any act of the plaintiff subsequent to the forcible entry induced him to make forcible entry. Nor could he set up claims for damages due him, in order to defeat plaintiff. The nature of the action is such that a counterclaim for money cannot be availed of to defeat it. The remarks made by this court in the case of *Ayotte* v. *Nadeau,* recently decided, 32 Mont. 498, 81 Pac. 145, are pertinent here. If the plaintiff should succeed in this action, and recover a judgment authorizing a restitution to him of the property, and the defendant should succeed upon his counterclaim, there would be two independent judgments, neither of which could in any way interfere with or affect the execution of the other. Such a condition is not contemplated by the sections of the Code of Civil Procedure (sections 690, 691, 692) providing for counterclaims.

For the reasons stated, the judgment and order are reversed, and the cause is remanded for a new trial.

*Reversed and remanded.*

MR. JUSTICE MILBURN and MR. JUSTICE HOLLOWAY concur.