STATE ex rel. HAMSHAW, · Respondent, v. JUSTICE
COURT OF UNION TOWNSHIP et al., Appellants.

(No. 7,887.)

(Submitted January 27, 1939.  Decided March 1, 1939.)

[88 Pac. (2d) 1.]

Cause submitted on briefs of counsel.

*Mr. Frank E. Blair,* for Appellants.

*Messrs. Bennett & Bennett,* for Respondent.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an appeal by defendants from a peremptory writ of prohibition entered by the district court prohibiting them from entertaining and assuming jurisdiction of an action pending in the defendant court.

The appeal presents the single question whether defendants have jurisdiction of the action. The action therein pending was instituted by Jens C. Peterson against relator Hamshaw and others. The complaint by Peterson charges that on December 4, 1937, he was in the actual and peaceable possession of certain mining property described by legal subdivisions; that on that day and while he was so in the possession of the lands and during his absence from the premises Hamshaw and his co-defendants unlawfully entered upon the premises and peaceably entered and took possession thereof without right to do so, and have ever since retained possession thereof unlawfully to plaintiff's damage in the sum of $100. It alleges the service of a written demand for possession upon defendants and asks for restitution of the premises and for treble the amount of actual damages.

The propriety of the district court's ruling depends upon the construction to be placed upon section 21, Article VIII of our Constitution. The pertinent parts of that section provide: "Justices' courts shall not have jurisdiction in any case involving the title or right of possession of real property, * * * but said courts * * * shall also have concurrent jurisdiction with the district courts in cases of forcible entry and unlawful detainer."

"Forcible entry" is defined by section 9887, Revised Codes. "Unlawful detainer" is defined by section 9889. Section 9888 defines "forcible detainer" and concededly the action of *Peterson* v. *Hamshaw* and others is based upon section 9888. It provides:

"Every person is guilty of a forcible detainer who either:

"1. By force, or by menaces and threats of violence, unlawfully holds and keeps the possession of any real property or mining claim, whether the same was acquired peaceably or otherwise; or,

"2. Who, in the night-time, or during the absence of the occupant of any lands or mining claim, unlawfully enters upon real property, and who, after demand made for the surrender thereof, for the period of five days, refuses to surrender the same to such former occupant.

"The occupant of real property or mining claim, within the meaning of this subdivision, is one who, within five days preceding such unlawful entry, was in the peaceable and undisputed possession of such lands."

Hence the question involved here is whether section 21 of Article VIII of the Constitution in the use of the phrase "forcible entry and unlawful detainer" gives the justice's court jurisdiction of a "forcible detainer" action as such an action is defined in section 9888.

"The thing which the framers of our Constitution intended 'is to be ascertained not merely from the language used, "but in the light of our history, the surrounding circumstances, the subject-matter under consideration, and the object sought to be attained.' (*State ex rel. McGowan* v. *Sedgwick*, 46 Mont.

187, 127 Pac. 94.)'' (*Great Northern Utilities Co.* v. *Public Service Com.*, 88 Mont. 180, 293 Pac. 294, 304.) And in judging what the Constitution means, ''we are to keep in mind that it is not the beginning of law for this state, but that it assumes the existence of a well understood system which is still to remain in force and be administered, but under such limitations and restrictions as that instrument imposes.'' (Cooley's Const. Limitations, 7th ed., p. 94; *State ex rel. Hillis* v. *Sullivan,* 48 Mont. 320, 137 Pac. 392.)

At the time of the adoption of our Constitution, section 735 of Division 1 of the Compiled Statutes of 1887 was in full force and effect, providing in part: ''Justices' courts shall have jurisdiction of the following cases: * * * Third. Of actions for a forcible or unlawful entry upon, or a forcible or unlawful detainer of lands, tenements, or other possessions. The jurisdiction conferred by this section shall not extend, however, to civil actions in which the title to real property shall come in question.''

At that time section 716 of Division 1 was in force and effect, reading: ''No person or persons shall hereinafter [sic] make any entry into lands, tenements or other possessions, or by entering upon any gulch mining claim, or quartz lode mining claim, or other mining claim, in the temporary absence of the party or parties in possession, or by entering peaceably, and the turning out by force, or frightening by threats, or other circumstances of terror, the party or parties out of possession, and detain and hold the same. In every such case, the person so offending shall be deemed guilty of a forcible entry and detainer within the meaning of this Act; but not in cases where entry is given by law, and in such cases not with strong hand nor with multitude of people, but only in a peaceable manner; and if any person from henceforth do the contrary, and thereof be duly convicted, he shall be punished by fine.'' Section 727 of the same statutes provided for restitution of premises held after termination of a tenancy.

By the adoption of section 21, Article VIII of the Constitution, we think it was intended that all actions then falling within

the general category of forcible and unlawful entry, and forcible and unlawful detainer, were included in its terms. The then existing statutes included in a blended fashion, but did not separately define, the three actions as they are now defined, of forcible detainer, forcible entry and unlawful detainer. To hold that section 21 does not cover forcible detainer actions would be equivalent to saying that if the legislature should see fit to define all the actions now embraced within sections 9887, 9888 and 9889, Revised Codes, as forcible detainer, it could entirely defeat the constitutional provision.

The words "forcible entry" as used in the Constitution and statutes are sufficient to comprehend "unlawful entry." Likewise the words "unlawful detainer" are sufficient to comprehend "forcible detainer." (Compare 11 R. C. L., p. 1164, sec. 26.) The terms are generally used indiscriminately. Thus in *Cashman* v. *Vickers*, 69 Mont. 516, 223 Pac. 897, 900, this court, in speaking of the purpose of our Constitution investing the justices' courts with jurisdiction of such actions, said: "Long distances from the county. seats in the extensive counties of Montana there were towns in which there were justices of the peace. Thus justices' courts were available to suitors in forcible entry and unlawful detainer actions. If resort to the district court had been compelled, long trips to the county seat with consequent inconvenience and expense, as well as great delay, would have been the certain result, and justice delayed frequently would have been justice denied. It was foreseen that unless a wide jurisdiction was given justices' courts in actions for forcible entry, *forcible detainer,* and unlawful detainer, relief from the district court being unavailable for long periods of time, serious and frequent disturbances of the peace—the very evils which the remedy of forcible entry and detainer was designed to prevent—were certain to result."

The California Constitution originally provided that justices' courts should have jurisdiction of forcible entry and detainer cases, without mentioning unlawful detainer cases which were defined in the statutes separately from forcible entry and forcible detainer. The courts of that state have held that the

Constitution also embraces "unlawful detainer," saying: "The whole subject of forcible entries and forcible and unlawful detainers seems to have been considered as provided for under the general head of forcible entries and detainers, and jurisdiction over the same given to the county courts." (*Ivory* v. *Brown*, 137 Cal. 603, 70 Pac. 657, and cases therein cited.)

Section 9891, Revised Codes, confers concurrent jurisdiction upon the justices' courts of all actions under the chapter dealing with forcible entry, forcible detainer and unlawful detainer.

We hold that section 21 of Article VIII, supra, comprehends forcible detainer actions as well as those for forcible entry and unlawful detainer.

Respondent contends that the title and right of possession of real property is necessarily involved in a forcible detainer action, under subdivision 2 of section 9888, and this being so, that because of section 21 of Article VIII of the Contitution, the justice court has no jurisdiction of such an action. If we assume that the title or right of possession is involved in the instant action, notwithstanding no answer has been filed so as to enable us to determine what the issues will be, still the conclusion contended for by respondent does not follow. As noted above, section 735 of Division 1 of the Compiled Statutes of 1887, in effect before the adoption of our Constitution, specifically provided that jurisdiction of a justice court in forcible or unlawful entry upon or forcible or unlawful detainer of lands did not confer jurisdiction in actions in which title to real property shall come in question. Of identical effect is section 655, Title XVII, page 167, Codified Statutes of 1872.

Before the adoption of our Constitution, this court in a number of cases held that title to or right of possession of property was not at issue in an action of forcible entry and unlawful detainer. (*Parks* v. *Barkley*, 1 Mont. 514, decided in 1872; *Boardman* v. *Thompson*, 3 Mont. 387, decided in 1879; *Sheehy* v. *Flaherty*, 8 Mont. 365, 20 Pac. 687, decided in January, 1889.) So far as those cases hold that the title is not in issue, the decisions are easily explainable, because the statutes then in force

compelled that result. Why the right of possession may not be litigated in such an action we fail to see.

After the adoption of the Constitution this court, in reliance upon the cases decided before its adoption, has announced the same conclusion as the previous cases (*Brand* v. *Servoss,* 11 Mont. 86, 27 Pac. 407), but without reference to the Constitution. In the case of *Spellman* v. *Rhode,* 33 Mont. 21, 81 Pac. 395, the court reiterated the statement appearing in the prior case of *Sheehy* v. *Flaherty,* supra, but expressed doubt as to the effect of section 2092, now section 9899, which provides in part: "On the trial of any proceeding for any forcible entry or forcible detainer, the plaintiff shall only be required to show, in addition to the forcible entry or forcible detainer complained of, that he was peaceably in the actual possession at the time of the forcible entry, or was entitled to the possession at the time of the forcible detainer." The court passed the question without decision, because of the theory adopted by the court in the trial of the case.

That the title or right of possession cannot be an issue in such a case was again declared on the strength of the prior cases, in *Lambert* v. *Helena Adjustment Co.,* 69 Mont. 510, 222 Pac. 1057. While the court in the last cited case referred to the Constitution, it did not treat of the question whether a change had been wrought by it.

This court has held that section 20 of Article VIII of the Constitution, which denies jurisdiction to the justices' courts "where the debt, damage, claim or value of the property involved exceeds the sum of three hundred dollars," has no application to forcible entry and detainer actions. (*Cashman* v. *Vickers,* 69 Mont. 516, 223 Pac. 897.) The court reasoned that the clause conferring jurisdiction on justices' courts in forcible entry and unlawful detainer actions is a special provision and is not limited by general provisions in the Constitution. By the same process of reasoning it follows that the clause conferring concurrent jurisdiction on justices' courts in forcible entry and unlawful detainer actions was never intended to be limited by the first part of section 21. Certainly, in a proper case, where

issue arises in the pleadings, a district court could try an action in forcible entry and unlawful detainer involving right of possession. To say that a justice court cannot is to deny to it the concurrent jurisdiction in such actions which the Constitution states it shall have.

It is our view that the last clause in section 21, Article VIII, constitutes an exception to the first clause and that justices' courts may try actions in forcible entry and unlawful detainer actions even though right of possession be involved, if that question becomes pertinent and material and is properly presented in the pleadings. Such is the legislative interpretation of the constitutional provision, as appears from section 9899 which we have already referred to. Such is also its interpretation as disclosed by section 9625, Revised Codes, which in part provides: "The parties to an action in a justice's court cannot give evidence upon any question which involves the title or possession of real property, * * * nor can any issue presenting such question be tried by such court; and if it appear, from the answer of the defendant, verified by his oath, that the determination of the action will necessarily involve the question of title or possession to real property, * * * the justice must suspend all further proceedings in the action and certify the pleadings, and, if any of the pleadings are oral, a transcript of the same from his docket to the clerk of the district court of the county; and from the time of filing such pleadings or transcript with the clerk, the district court shall have over the action the same jurisdiction as if it had been commenced therein; *provided, that in cases of forcible entry and unlawful detainer, of which justices' courts have jurisdiction, any evidence, otherwise competent, may be given, and any question properly involved therein may be determined.*"

Title is generally not a proper issue in forcible entry and unlawful detainer cases, but that issue must be tried in some other form of action. (26 C. J. 812.) On the issue of right to possession the courts have adopted the same conclusion except in cases where the issue is involved because of the wording

of the statute (26 C. J. 815), as is the case under our section 9899. Also there is respectable authority that title may be inquired into as an incident tending to show the right of possession where that is a proper issue. (See 26 C. J. 814, 815, and cases cited under notes 60 and 61.)

Hence, even though it may appear from the verified answer of defendant in the justice court action that right of possession will be involved, evidence thereof as well as evidence of title as an incident tending to show the right to possession may be received. Cases by this court decided since the adoption of our Constitution holding to the contrary are on this point expressly overruled. Of course, it does not follow that actions to determine title to real estate can be tried in the justice court. We only hold that where title becomes important in determining the right of possession, evidence thereof is admissible in a justice court in a forcible entry, forcible detainer or unlawful detainer action.

It follows that the judgment of the district court must be and is reversed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS, STEWART and ERICKSON, concur.

Rehearing denied March 8, 1939.