### SPINK v. FRANCIS and others.[1]

### WILLIAMS v. SAME.[1]

*(Circuit Court, E. D. Louisiana. February 20, 1884.*

INJUNCTION.

    A bill for an injunction to prevent interference by criminal procedure will lie when the parties sought to be enjoined have, as plaintiffs, submitted themselves to the court by a bill in equity as to the matter or right affected by or involved in the criminal procedure.

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

In Equity. On demurrer.

*A. G. Brice, Joseph P. Hornor,* and *F. W. Baker,* for complainant.
*James R. Beckwith,* for defendants.

BILLINGS, J. These are bills of complaint, which are, in their general scope, bills for an injunction to prevent interference by criminal procedure. The extent to which such a bill will lie is well defined. It is when the parties sought to be enjoined have, as plaintiffs, submitted themselves to the court by a bill in equity as to the matter or right affected by or involved in the criminal procedure. In such case the court will by a decree, affecting the parties so situated personally, enjoin. *Atty. Gen.* v. *Cleaver,* 18 Ves. 220, 211, note *a;* Story, Eq. Jur. § 893; Jeremy, Eq. Jur. 308, 309; and 3 Daniell, Ch. Pr. (Perkin's Ed. 1865,) p. 1721. These cases have been considered upon the ground that the parties defendant in these bills are in this category. As to such parties the bills would be good, but as to no others. The bills do not show this. The demurrers must therefore be sustained, with leave to amend the bills, so as to set forth in a distinct form which of the parties sought to be enjoined have as plaintiffs in civil causes submitted the matter or right involved in or affected by the criminal procedure to this court.

PARDEE, J., concurs.