AMERICAN WRINGER CO. v. CITY OF IONIA et al.

(Circuit Court, W. D. Michigan, S. D. September 22, 1896.)

1. FEDERAL COURTS—JURISDICTIONAL AMOUNT—COLORABLE AVERMENTS.
    While, ordinarily, in cases where the damages in controversy are uncertain in amount, a distinct allegation that the necessary sum or value

is involved will be accepted by the court, yet if the allegation, from the nature of the case, appears to be merely colorable, and without any rea-sonable foundation in the facts, it will be treated as insufficient.

2. SAME—INTERSTATE COMMERCE—LICENSE LAWS—TOWN ORDINANCES.

In a suit against a town and its officers to enjoin the enforcement of ordinances in relation to licensing of peddlers, hawkers, etc., as unreasona-ble, and in effect prohibiting nonresidents from transacting business there, *held* that, as the ordinances related to matters of police regulation, as distinguished from the proprietary affairs of the municipality, the fed-eral court was probably without jurisdiction; and that, as the complain-ant's right stood, at least, on dubious ground, a preliminary injunction must be denied.

This was a suit by the American Wringer Company against the city of Ionia, Mich., and others, to enjoin the enforcement, as against complainant and its agents, of certain municipal ordinan-ces relating to hawkers and peddlers. The cause was heard on motion for preliminary injunction.

The complainant filed its bill against the city of Ionia, the city marshal and city attorney thereof, alleging complainant to be a body corporate under the laws of the state of Rhode Island, and that on May 14, 1896, it was, for sev-eral years previous thereto had been, and still is, engaged in carrying on business in said Western district of Michigan by selling manufactured products consisting of wringing machines, clocks, rugs, lace and chenille goods, silver and plated ware, and other household goods for use and orna-ment, and for that purpose maintained a storehouse at Grand Rapids, in said district, in which said goods were stored, and thence, from time to time, dis-tributed. That such sales were made by complainant's agents in the various cities and villages of said Western district of Michigan, who solicited orders for goods by means of samples, and, after obtaining orders, delivered the goods upon payment of a portion of the purchase price and the execution by the purchasers of contracts for the payment to the complainant of the unpaid balances of the purchase price, by the terms of which contracts the title was reserved to the complainant until full payment. That on the 14th day of May, 1896, one Elmer E. Bersie, an agent of complainant, while engaged in solicit-ing orders for and making delivery of goods upon such contracts of sale in the city of Ionia, was arrested by the city marshal thereof upon the claim and charge that he had thereby violated the provisions of a certain ordinance of the city of Ionia, viz.:

"Section 1. That no person, firm or company, shall be engaged in, prosecute or carry on any trade, business or occupation, or do any act or thing herein-after mentioned or described, within the said city of Ionia, until he, she or they, shall have obtained a license, in the manner hereinafter provided."

"Sec. 5. Peddlers or persons going about said city on foot from place to place, carrying with them any goods, wares, supplies or property or samples of the same, and selling or offering for sale the same either by sample or oth-erwise, shall pay for each weekly license the sum of five dollars. Peddlers or persons going about the city with wagon or vehicle drawn by any horse, mule or ox, or any team of either of the same, carrying goods, wares, supplies, prop-erty or samples of the same, selling or offering the same for sale by sample or otherwise, shall pay for each weekly license the sum of five dollars. Any person selling or exposing for sale any goods, wares, jewelry or property from any wagon, hand cart or show case, or show stand on any open space, or place in said city, either by sample or otherwise, shall pay a weekly license therefor the sum of five dollars, and for each day less than one week, three dollars per day, and no such goods shall be sold (on any public place or open space or place) within forty feet of the main street of said city, and it shall be so specified in said license. This section shall not apply to any person or persons selling ice, vegetables, fish. meat or farm produce, nor to bakers delivering bread and pastry to their customers at their dwellings in said city."

"Sec. 16. If any person shall without a license carry on any business, vocation or occupation, or do any act or thing in said city, for which a license is required by the provisions of this ordinance, or shall keep any billiard, pool, or pigeon hole table for pay, without paying the tax as provided in section 8 of this ordinance, or shall violate the provisions of section 8 of this ordinance, he, she or they shall be deemed to be guilty of a violation of this ordinance, and upon conviction thereof before any justice of the peace for the city of Ionia, shall pay for each and every offense a fine of not less than five nor more than one hundred dollars and the cost of prosecution, or be imprisoned in the county jail of Ionia county for a period of not more than sixty days, or be punished by both such fine and imprisonment, in the discretion of the court."

The bill further alleges that the suit commenced by the arrest of said Bersie was at the time of its filing still pending, undetermined, and untried; that said Bersie had not sold, or offered for sale, any goods upon any street, lane, or alley or other public place in said city, but only upon private property of its citizens; that he did not offer to sell any goods in his possession at the time of soliciting orders, but only solicited orders by samples, and goods were afterwards delivered upon orders thus obtained; that no absolute sales were made or sought to be made by him, but only sales conditional upon payment of future installments of the purchase price of the goods, the complainant in each instance retaining title until full payment; and that the goods for which he solicited orders and of which he made delivery were in all respects suitable goods for sale and use; that the ordinance aforesaid was not a lawful or proper exercise of any police power or any power of taxation vested in the city of Ionia under its charter or the laws of the state of Michigan or otherwise; that the ordinance was not adopted with view to police regulations or for the purpose of taxation, but to be prohibitory of sales by nonresidents of the city of Ionia whenever the city officers should choose to enforce the same; that complainant's agents refuse to do business for it in the city of Ionia because of threatened prosecutions under this ordinance, unless the complainant will pay the license fees, and that complainant will be compelled to abandon its business in that city if so exorbitant a license fee shall be exacted; that the city of Ionia is on a route including several other cities and villages where complainant's agents do business as aforesaid, and that, if compelled to abandon its business in the city of Ionia, the expense of doing business in other cities and towns upon said route will be largely increased; that the expense of maintaining complainant's storehouse in the city of Grand Rapids will also be increased in proportion to the amount of business done; that complainant expects to continue its business at Grand Rapids indefinitely, and believes and alleges that it will be damaged to the extent of more than $2,000 by being prevented from carrying on its business in the city of Ionia; and complainant prays an injunction restraining defendants from arresting, attempting to arrest, or threatening to arrest any agent of the complainant for the soliciting of orders and delivery of goods as aforesaid in said city, and from prosecuting any suit or proceeding against any agent of complainant for or on account of any such act or acts.

The answer of the city of Ionia sets up that complainant's agents carry about with them wagons loaded with complainant's goods, go from house to house offering such goods for sale upon contract, and the next day, or soon thereafter, deliver the goods from the wagons, the form of sale being a mere subterfuge to avoid the payment of hawkers' and peddlers' license fees, and the ordinance of the city of Ionia relating thereto; that at the time of such sale the goods are not in original packages, but are taken from broken packages, and are ready for delivery, and the making future delivery is simply an attempt to evade the ordinance; that at the time of said Bersie's arrest he had been engaged for several days in selling and delivering goods which had been taken out of the original packages; that the ordinance in question was made in pursuance of subdivision 33 of section 57 of the charter of the city of Ionia: "The common council shall have power * * * to license and regulate auctioneers, hawkers, peddlers and pawn brokers; and regulate auctions, hawking, peddling and pawn brokerage; license to regulate the peddlers and hawkers of fruits, nuts, cakes, refreshments, jewelry, merchandise, goods

and other property whatsoever, by hand, hand-cart, show-case, show-stand or otherwise in the public streets;" and that the ordinance was a lawful exercise of powers granted by said city charter. The answer further denies that the license fee is exorbitant and unreasonable, or that it would deprive the complainant from realizing any profit from business done in the city of Ionia, and denies that complainant would be injured to the extent of $2,000 by the acts complained of; and the answer denies the jurisdiction of the federal court, and avers that the suit set up in the bill of complaint pending before a justice of the peace of the city of Ionia is one wherein the same subject-matter may be litigated, and the same conclusion reached as is sought to be reached by this proceeding; avers that the suit so pending at the time of the filing of the bill of complaint in the state court was one wherein the same and identical state of facts might be determined as sought to be determined by the bill of complaint; denies that the ordinance violated any constitutional provision in regard to interstate commerce; denies that the ordinance discriminated between the citizens of Ionia and other citizens of the state or of the United States; denies that the court could lawfully take into consideration future prosecutions under the ordinance for the purpose of contemplating damages in an amount sufficient to give the federal court jurisdiction; and denies that the license fee is excessive, or acts as a prohibition upon venders of goods who are nonresidents of the city of Ionia, or that it operates in any manner in restraint of trade. The other defendants filed disclaimers.

Maher & Salsbury, for complainant.

McGarry & Nichols, Miller & Clute, and M. A. Nichols, for defendants.

SEVERENS, District Judge (after stating the facts). Upon mature consideration of this motion, I reach the conclusion that it must be denied. What I regard as the principal objections to the motion are: (1) The difficulty of giving credit to the statement that the sum or value of the matter in controversy in the suit exceeds the minimum of jurisdiction; namely, the sum of $2,000. (2) The injunction sought is one which would interfere with the exercise of the jurisdiction of the courts of the state in proceedings for the enforcement of its penal statutes and ordinances.

In regard to the first, it is undoubtedly the general rule that, where the damages or the amount in controversy are in their nature uncertain, and dependent upon proof for their ascertainment, a distinct allegation that there is the necessary sum or value involved is accepted as meeting the requirement in that regard; but there are exceptions to this, one of which is that, if the allegation appears to be colorable, and to have no just and reasonable foundation in the facts, the court will treat the general averment as insufficient. In the present case it appears to me that it strains credulity too much to believe that the value of the complainant's business in the little city of Ionia is of the value of $2,000.

As to the second, it is very doubtful, indeed, whether this court has any rightful authority to interpose by way of injunction to prevent the enforcement in the courts of the state, by the state officers, of the ordinances complained of. This question has been considered in a number of cases. In some of these the power is denied. Though the actual decisions in all of these latter cases are not precisely in point, they seem to support that conclusion (Ex parte Sawyer, 124 U. S. 200, 8 Sup. Ct. 482; Hemsley v. Myers, 45 Fed. 283; Railway Co. v. Mil-

ner, 57 Fed. 276; Spink v. Francis, 19 Fed. 670, 20 Fed. 567; Suess v. Noble, 31 Fed. 855; Railroad Co. v. Cannon, 49 Fed. 517); while, on the other hand, there are several decisions which seem to favor the view that, where the party complaining of the criminal proceedings in the state court has a property interest in the matter involved, a bill for an injunction may be maintained (Bottling Co. v. Welch, 42 Fed. 561, and cases cited; Lottery Co. v. Fitzpatrick, 3 Woods, 222, Fed. Cas. No. 8,541; Live-Stock, etc., Ass'n v. Crescent City, etc., Co., 1 Abb. U. S. 388, Fed. Cas. No. 8,408; New Memphis Gas & Light Co. v. City of Memphis, 72 Fed. 952; Capital City Gaslight Co. v. City of Des Moines, Id. 829). The cases on the subject are not all of them easily reconcilable, but I think the true line of demarkation is this: that where the proceeding in the state court is taken for the enforcement of a statute or ordinance which relates to the proprietary affairs of the municipality, the jurisdiction may be sustained; but that, on the other hand, where they relate to those subjects which involve police regulations,—matters which are of a public character, as distinguished from proprietary concerns,—the interference of the federal court would be unwarranted. If this distinction is sound, it would follow that this motion cannot be sustained. At all events, upon both these grounds, and especially the latter, I am convinced that there is such grave and serious doubt as that the injunction ought to be denied. It is the settled practice to refuse a preliminary injunction where the right of the complainant stands on dubious ground, and especially is this so where the final decree is thus anticipated upon the preliminary hearing. Wagner v. Drake, 31 Fed. 849.

Let an order be entered in accordance with this opinion.