## LAMB V. DREW et al.

1. Injunction: FORCIBLE ENTRY AND DETAINER. A court of equity will not interfere by injunction with proceedings for forcible entry and detainer when there is no allegation of fraud, mistake, accident or surprise.

*Appeal from Jasper District Court.*

THURSDAY, JANUARY 25.

ON the 6th day of August, 1862, the plaintiff executed a written lease of his house and farm, for the term of three years and a half, or until the 1st day of March, 1866, to one John Holmes. About the 17th day of November, 1865, Holmes vacated the possession of the leased premises in favor of the defendant, James Kirk, who, against the consent of plaintiff, claims the use and occupancy thereof up to the close of the lease, for a consideration paid to Holmes. Plaintiff finding the premises vacant, took and now holds possession of the same. On the 20th day of November, 1865, Kirk commenced his action of forcible entry and detainer, against plaintiffs, for possession, before justice O. G. DREW, who gave judgment against plaintiff, who has appealed, but the effect of which does not stay the writ of possession. Holmes is insolvent; his sub-lease to Kirk fraudulent and void. Plaintiff is the owner of the premises and entitled to possession, and if removed will lose his rent, &c. These facts are embodied in a bill, and made the foundation of relief, to the effect that defendants might be restrained from suing out a writ of restitution under the judgment specified, and the plaintiff's title to the premises quieted, &c.

A motion to dissolve the injunction and dismiss the bill, as presenting no sufficient grounds for equitable interference, was made and sustained, and the same, by appeal, is made the subject of our revision.

*Winslow & Lindley* for the plaintiff.

*G. K. Sharp* for the defendants.

Lowe, Ch. J. — The motion to dismiss was well made and properly sustained. The purpose of the bill is to

1. Injunc-<br>tion: for-<br>cible entry<br>and de-<br>tainer.

restrain proceedings at law; upon what ground? Not that any fraud, mistake, accident, surprise, or even irregularity had intervened therein. All the matters complained of, occurred antecedently to the action of forcible entry and detainer, and could have been urged, and it may be, were urged, *as a defence* to that action. There is, in the bill, no averment of any kind, impeaching the validity of the proceedings before the magistrate. The jurisdiction is not questioned; nothing subsequent to the rendition of the judgment is relied on. Indeed, scarcely the semblance of the case is made, to justify a court of equity to interfere.

The judgment will stand

Affirmed.