## CRAWFORD v. PAINE.

1. **Injunction:** BOND. Under our statute, as well as by the rules of equity practice, it is competent for the court, in the case of prolonged litigation, in which an injunction is in force, to require an additional bond and further security to meet that contingency.

2. **Specific performance:** PARTY IN DEFAULT. A party in default cannot insist upon the specific performance of a contract by the other party; but such default being in avoidance, the burden of establishing it is upon the party seeking to avoid the performance.

3. **Amendment:** INJUNCTION. A petition upon which an injunction has been issued, may be amended after motion to dissolve the same; and if, as

Crawford v. Paine.

amended, it states good cause for an injunction, which is not overborne by the.adverse showing, the motion should be overruled and the injunction continued.

4. —— PRACTICE: ERROR WITHOUT PREJUDICE. When an amendment, offered in the court below, and erroneously refused ·by the court, is embraced in the record, and upon inspection of the same it is apparent that the erroneous ruling of the court worked no prejudice to the appellant, the order appealed from will not be disturbed.

5. Contract: MUTUALITY. P. leased his farm to B. for one year, at an agreed rent of one-third in kind, and further agreed "that if said B. shall conclude to purchase of said P. one undivided half said farm, on or before the first day of March, 1865, he is to have a deed therefor from said P. upon the payment " of a sum named: *Held*, that the whole instrument being considered together, it was not *necessarily* wanting in mutuality.

6. Injunction: FORCIBLE ENTRY AND DETAINER. A court of equity may enjoin further proceedings in an action of forcible entry and detainer, but the power will be exercised only where certain and manifest irreparable injury would result unless it is exerted.

*Appeal from Polk District Court.*

WEDNESDAY, JUNE 28.

THIS is a suit in equity to enjoin a proceeding for forcible entry and detainer, and to obtain a specific performance of an alleged contract for the sale and purchase of an undivided half of the real estate, to obtain possession of which the action for forcible entry and detainer was brought. Upon *ex parte* application the injunction was allowed, duly issued and served. Afterwards, on motion and affidavits, the injunction was dissolved. From this order the plaintiff appeals.

*E. J. Ingersoll* for the appellants.

*M. D. & W. H. McHenry* and *Withrow & Smith* for the appellee.

Crawford v. Paine.

COLE, J. — On the 13th day of November, 1863, the defendant in this action, R. R. Paine, then recently having purchased of Thomas Lowe his farm, entered into an agreement with Nicholas Baker, whereby he leased the said farm to said Baker for one year from the first day of March, 1864, at the agreed rent of one-third in kind; and further agreed " that if said Baker shall conclude to purchase of said Paine one undivided half of said farm, on or before the first day of March, 1865, he is to have a deed therefor from said Paine upon the payment to him, Paine, by said Baker, of one-half of the amount paid by said Paine to said Lowe, together with interest thereon at the rate of ten per cent per annum." Paine is a non-resident of this State, and his contract of lease contained his residence and post-office address, as well as that of Baker, the lessee.

After the expiration of the term of lease, the tenant Baker refusing to give possession of the farm, Paine brought his action for forcible entry and detainer, which was set for trial on the 21st day of March, before a justice of the township where the land is situated.

On the day thus fixed for trial, the plaintiff in this action, George Crawford, filed his petition against Paine, the defendant, alleging the making of the lease aforesaid; that it had, on the 27th day of February, 1865, been assigned by Baker to him; that he had concluded to purchase the undivided half of the farm, and had tendered, on the first of March, to the agent of defendant, the one-half the amount paid by defendant to Lowe, for the farm, and the interest thereon, which was not received nor the deed executed. That as soon as the defendant came into the State after that date, he endeavored to find him and tender the same to him in person, but he had failed to do so, and, therefore, he brought the money into court and had the same ready for defendant at any time.

Crawford v. Paine.

The petition also alleged the bringing of the action of forcible entry and detainer and its pendency, and that Baker was in possession under the lease, and also by virtue of an agreement with Crawford; and if Baker should be removed from the premises the plaintiff in this action would sustain irreparable injury. He therefore asks an injunction against further proceedings in the suit for possession, and that the defendant be required to specifically perform his contract of sale, and convey the undivided half to plaintiff, &c.

The motion to dissolve was heard upon the petition and exhibits, bonds and affidavits. The bond was in the penalty of five hundred dollars, and its sufficiency in amount was questioned, and many of the affidavits bear upon this point. The other affidavits controvert the agency of the person to whom the tender was made, and show that plaintiff was advised of the want of authority at the time of tender; they also deny some of the other material allegations of the petition.

So far as the motion to dissolve, is based upon the inadequacy of the penalty of the bond, it does not appear, in view of all the affidavits, to be well founded. The penalty is sufficient to pay one year's rent, according to the affidavits taken by the defendant, and to between two or three years' rent, according to the affidavits taken by the plaintiff. And, further, there is no suggestion that the plaintiff is insolvent, or that he is not abundantly able to respond individually to any claim for damages which may result in this case.

1. INJUNC-
TION:
bond.

Under our statute, as well as by the rules of equity practice, it is competent for the court, in case the litigation shall be protracted, to require an additional bond or further security to meet such contingency.

The further ground upon which the motion to dissolve

is sought to be sustained, reaches to one of the essential principles whereon plaintiff must base his claim to specific performance. It is, that the contract for lease and sale is an entirety, and plaintiff's assignor, Baker, having failed to pay the rent, and thereby not having complied with the contract himself, cannot demand a decree for specific performance by the other party. The defendant is at fault here also. For it does not sufficiently appear that the plaintiff's assignor is in default; upon this question the affidavits are in direct conflict, and in such case we are not warranted in assuming the correctness of the claim of the defendant; especially where, as in this case, such position is set up by defendant, and is one of avoidance, and hence to be established by the weight of evidence. If this fact was clearly proved, it would doubtless be good ground for sustaining the motion.

2. SPECIFIC PERFORMANCE: party in default.

At the time of the making of the motion to dissolve, the plaintiff offered to file an amended petition, setting up certain additional facts. The judge refused to consider this petition as an amended petition, but allowed the same to be used as an affidavit. This action was erroneous. The plaintiff had the right to file the amended petition, and if it stated a good cause for injunction, which was not overborne by the adverse showing, the motion should have been overruled, and the injunction continued.

3. AMENDMENT: injunction.

But we have the amended petition before us, and have given to it full weight and consideration as such, and base our action thereon. The allegations of the amended petition, so far as they relate to reforming the contract, are really quite immaterial, since the legal intendment or meaning of the language used in the contract itself is the same in substance as the proposed language to be added by way of reforming the contract. While there was technical error, therefore,

4.— practice : error without prejudice.

in the action of the judge, we do not think there was error to the prejudice of appellant.

Nor do we think that the contract to sell the undivided half of the farm, in case Baker shall conclude, in a certain 5. Con- time named, to purchase at the price fixed, when TRACT: mu-tuality, taken as part of and in connection with the other parts of the same instrument, *necessarily* wanting in mutuality, and therefore not binding.

But in this case the plaintiff seeks to enjoin the prosecution of an action at law, wherein he is not a party. The 6. INJUNC- action which is thus sought to be enjoined, is one TION: forci-ble entry for forcible entry and detainer; an action of a and de-tainer. *quasi* criminal character, wherein the verdict, is properly "guilty" or "not guilty." This action was, by the earlier decisions, held to be beyond the jurisdiction of the Court of Chancery to determine. *Hamilton* v. *Hendrix' Heirs*, 1 Bibb., 70; *McGinn* v. *Stewart*, 1 Monr., 190. And although the later cases hold that it is within the jurisdiction of a court of equity to enjoin such a proceeding, yet, in view of the purpose of such action and the necessary *actual wrong* on the part of a defendant liable to it, such power should only be exercised by a court of equity where a certain and manifest irreparable injury would result unless its restraining power was exerted.

This is manifest from one of the fundamental rules of courts of equity, to wit, that suitors in that tribunal must come with clean hands; that is, they must present themselves without any taint of wrong adhering to them in relation to the matter about which they ask the interposition of the chancellor. In the theory of the law, one who is liable to the action for forcible entry and detainer, has that taint of wrong upon him, and therefore is not, as a matter of right, entitled to the interference of a court of equity. If he is not liable to the action, and has done no

wrong therein, he can successfully defend himself at law, and does not need the aid of the chancellor.

The plaintiff does not show wherein or how he can suffer irreparable injury, nor does it occur to us in what manner such injury can result. There is no allegation or suggestion in the petition or affidavits, that the defendant is insolvent, or in any way unable to account for the one-half the rent which may accrue to plaintiff during the litigation in case he shall be successful. The defendant is, however, a non-resident, and this fact will in certain cases or circumstances become an occasion for the exercise of equity jurisdiction, as when a non-resident plaintiff is about to enforce the payment of money to take beyond the State, from a defendant who has a claim in litigation or otherwise against such plaintiff, and for which he can obtain no satisfaction except by restraining the payment and consequent deportation of the money by such non-resident.

But in this case, if the plaintiff is a non-resident, the *subject* of the litigation is within the jurisdiction of the court, which also has jurisdiction of his person, and by this action a *lis pendens* is created, which will effectually prevent an alienation, so as to defeat the plaintiff in his title or claim, in case he shall succeed; and beside this, the plaintiff has still in his own hands the consideration money, which will belong to defendant in case the plaintiff enforces the specific performance, and out of such money he would be entitled to retain any money which may be justly due him for rent or other thing.

But there is one other point which has some weight in our minds in determining this case. It is this, according to the showing by the petition, amended petition, and affidavits, there was no legal or sufficient tender made to the defendant. Our statute has provided (Revision, § 1816) that an offer in writing to pay the money, if

not accepted, is equivalent to a tender. Under this provision, the plaintiff being cognizant of the residence and post-office address of defendant, could have made a legal and proper tender to defendant, although he was beyond the State.

This failure to make a good tender, while it may justly be considered as sufficient to induce a court of equity to withhold the exercise of its extraordinary powers of injunction, yet the right to a specific performance is one so much governed by the sound discretion of the court, as that a mere failure to make a good legal tender, would not necessarily defeat a claim for such specific performance.

Without therefore determining any question involved in the final adjudication of this cause, or expressing any opinion upon the merits of it, we are united in the opinion that the order dissolving the injunction shall stand.

Affirmed.