DES MOINES NAVIGATION AND RAILROAD COMPANY v. CARPENTER, REGISTER STATE LAND OFFICE.

1. Injunction: AMENDMENT. The liberal provisions of our statute in relation to the subject of amendments are, so far as reasonable and proper, to be applied to injunction suits as well as others.

2. ——— AMENDMENT AFTER MOTION TO DISSOLVE. While a petition may be amended so as to sustain an existing injunction even after motion to dissolve, yet, if the plaintiff, instead of so amending his petition as to make it appear therefrom that his purpose is to support his existing writ, files what is in fact a new, though styled an amended, petition, and asks therein for a new writ, the action of the court in sustaining a motion to dissolve the writ, filed before this amended petition, will not be disturbed by reason of matters contained therein.

3. ——— DISSOLUTION OF: PUBLIC OFFICER: LEGAL TITLE. An injunction restraining a public officer from executing conveyances from the State to individuals who have purchased certain lands from

it, but who are not made parties to the bill, will not be continued when it is averred in the petition upon which the writ issued, that the plaintiff has the full and complete title to the land, and it appears that there is no obstacle in the way of plaintiff commencing suits against the individuals claiming adversely, and thus have the question of title settled, and the injunction has been in force for several years and no such actions have been commenced.

*Appeal from Polk District Court.*

WEDNESDAY, OCT. 6.

INJUNCTION : AMENDMENT OF PETITION FOR, ETC.— In the original petition, filed in 1864, the plaintiff, a corporation, states that on the 3d day of May, 1858, it became the owner in fee simple of the lands described in the petition, in all 1,984 acres; that said real estate was conveyed to the plaintiff by the State of Iowa, through R. P. Lowe, governor thereof, in accordance with law; that the defendant (register of the State land office) is about to execute conveyances of said lands to different persons whose names are to the plaintiff unknown; that these would necessarily engender a large amount of litigation, and cloud the title of the plaintiff so that he cannot have a speedy and adequate remedy at law.

The prayer is for an injunction to restrain the execution of the contemplated conveyances, and, on final hearing, that it be made perpetual, and for such further relief as the case may require.

The foregoing is the substance of the whole petition. The Register of the State land office is alone made defendant. A temporory injunction was granted, *ex parte*, in 1864.

In 1865, Harvey, then register of the State land office, filed an answer denying plaintiffs' ownership of the land, or that the plaintiff had any interest, legal or equitable, therein or to any part thereof; admits that he is about

Des Moines Navigation and Railroad Co. v. Carpenter.

to execute deeds to portions of the lands to certain persons specially named (who have, however, never been made defendants or parties to the proceeding); alleges that said lands became the property of the State under the 500,000 acre grant to the State, by act of congress, approved September 4, 1841, and constituted part of the school lands of said State; that in 1853 and 1854 they were sold as such by the school fund commissioner of Webster county to various purchasers, in small tracts, pursuant to law; that the purchasers have paid for the same, and are entitled to conveyances therefor from the State.

On the 10th day of February, 1868, Carpenter, successor to Harvey as register of the State land office, filed an answer containing a denial of the plaintiffs' title to the lands, and setting up more in detail the same facts alleged in the answer of Harvey.

On the same day (10th February, 1868), the defendant filed a motion to dissolve the injunction, "*upon the bill and answers now on file*," assigning as grounds, want of equity in the bill, since it seeks only to establish the legal title to real estate; because the persons really interested are not made parties; because the answers deny all equity in the bill; because an officer of the State cannot be enjoined in respect to his public duties, etc.

On the 13th day of February, 1868, there is this entry of record: "Plaintiff has leave to file an amended petition."

On the 20th of February, 1868, an amended petition was filed, which sets out at great length the history of the 500,000 acre grant; the Des Moines river grant; the action of the departments and of the State of Iowa, and of the plaintiffs thereunder, etc., and concludes with a prayer "that a writ of injunction issue against the defendant, restraining and enjoining him from conveying

by deed or patent," any of the said lands, until the judicial settlement and determination of the title thereto in suits which the plaintiffs " are about instituting against the persons in possession."

On the 3d day of August, 1868, the motion to dissolve the injunction was sustained; the plaintiff excepted, and appeals.

*J. M. Elwood* and *Finch & Rivers* for the appellant.

*Henry O'Connor*, Att'y-Gen., for the State.

Dillon, Ch. J.— Laying out of view the amended petition, it is clear that the court did not err in granting the motion to dissolve the injunction. The allegations of the original petition were very general, and were positively denied in the answer on file. This denial, together with the fact that the answer of Mr. Harvey, as register, had been on file for years, and no steps taken, so far as shown, to have the controversy between the plaintiffs and their adverse claimants, viz.: the purchasers from the State, through Tolman, school fund commissioner, brought to a judicial determination, either by making them parties to this proceeding or by separate suits, fully justified the court in vacating, in 1868, the order for a temporary injunction which had been made in 1864.

1. INJUNCTION: amendment.

The adverse parties are the plaintiffs and the aforementioned purchasers from the school fund commissioner of Webster county. These purchasers are not parties to the present proceeding. The question between them and the plaintiff is one of title, both claiming under the State of Iowa.

The plaintiff alleges that it has the legal title to the lands in dispute by virtue of grants and deeds from the

State. This the defendant denies. He claims that the rights of these school purchasers were protected and saved by the general government when the lands were certified to the State; and also that the lands in question were excepted from those to be conveyed under the act of settlement between the State and the plaintiff, contained in the joint resolution of March 22d, 1858; and that any conveyances thereof subsequently made were without authority of law, contrary to the act of settlement, and void.

Now it is evident that the question of title, or priority of right to the lands, can only be determined, so as to be binding, in a proceeding in which both the plaintiffs and their adversaries are parties.

The situation of the parties is this: The plaintiff claims to have the legal title perfected in it by deeds or patents. Its adversaries have a contract from the State or its officers for a title, and it is shown that they have in many instances paid the State the purchase-money, and are demanding a patent or other evidence of title.

In 1864 the plaintiff applied for and obtained an *ex parte* injunction restraining the register from issuing patents or evidences of title to these parties, and as that injunction has been respected, they are without the requisite evidence to enable them to litigate with the plaintiff.

Having been thus tied up by the plaintiff, from 1864 until 1868, the register filed a motion to dissolve the injunction. This motion was based upon the *bill and answers then on file.*

Under the circumstances, it admits of great doubt whether the amended petition can be resorted to in order to reverse the ruling of the District Court directing the injunction.

This pleading professed to be not an amendment to the original petition, but an amended petition, stating the

plaintiff's case anew at great length, and praying for a writ of injunction to issue.

Under the chancery practice, there was some difference of opinion as to the effect of amending injunction bills.

Speaking of the English practice, Mr. Eden states that " it is now well understood that an injunction drops of course upon the plaintiff amending his bill. It has, in consequence of this doctrine, become usual for the plaintiff, in cases where it is expedient to amend, *to move for leave to amend without prejudice to the injunction.*" 1 Eden on Injunc., Waterman's ed., 149.

But, in this country, this stringent rule was not generally followed, and the practice in general adopted was, that where an amendment was made by leave of court, the injunction remained in force without a special order to that effect.

Our statute on injunctions (ch. 154, p. 667 of Revision) provides that these writs may be granted in " accordance with the rules heretofore observed, except as herein modified." Revision, § 3773. Nothing is said in this chapter in relation to *amending* petitions for injunctions. But the general statute on the subject of amendments is very broad and liberal, and, so far as reasonable and proper, these provisions should be applied to injunction suits as well as others.

I make no doubt that a petition may be amended so as to sustain an existing injunction, and this court has substantially so declared. *Crawford* v. *Paine,* 19 Iowa, 172. But here the plaintiff did not amend his petition and make it appear that his purpose was to support his existing writ. He files a new petition and asks for a new writ upon the case therein made.

2. —— amendment after motion to dissolve.

The motion to dissolve the writ had been previously made, and that motion was based upon the pleadings

Des Moines Navigation and Railroad Co. v. Carpenter.

*then* on file. Without more to satisfy us than is contained in the present record that the motion was submitted and considered upon the amended petition as well as upon the other pleadings, we are not prepared to say that the court erred in its action.

Conceding, however, that the amended petition should be treated as properly before the court on the motion to dissolve, and was before it as the basis of its action, it is still our opinion that the court did not err.

*3. —— dissolution of: public officer: legal title.*

The plaintiffs, according to their theory, have the full legal title. It is clear that if they have *any* title it is a complete one. There is no obstacle in the way, nor has there been since May, 1858, to their commencing a suit against each owner claiming adversely to them to have the question of title decided.

In 1864 they obtained an injunction which has for four years and more prevented their adverse claimants from getting any evidence of title so as to be prepared to commence suits against the plaintiffs.

A reversal of the order of the District Court would revive the injunction, and this suit may remain open indefinitely, and, if decided, will not be binding upon those adversely concerned to the plaintiffs, unless they are made parties thereto. The register of the land office is a nominal defendant, and has no personal interest in the controversy. This suit is in Polk county. The lands lie in Webster county, where it may be supposed the parties really interested against the plaintiff reside, and where they have a right to sue and be sued respecting these lands.

The matter of dissolving or continuing an injunction is one which largely rests in the sound discretion of the court, to be exercised in view of all of the special circumstances of the case before it. We are satisfied that it

exercised it wisely in vacating the order for an injunction, which has been long enough in force without being, as far as shown, productive of any thing but delay.

Affirmed.