## NORTHERN PAC. R. Co. *v.* CANNON *et al.*

*(Circuit Court, D. Montana. February 25, 1892.)*

1. QUIETING TITLE—ENJOINING FORCIBLE ENTRY AND DETAINER ACTION.
    Plaintiff in a suit to quiet title cannot enjoin defendant from bringing an action at law against him for forcible entry and detainer of the premises in question.
2. INJUNCTION—ACTION AT LAW.
    Equity will not enjoin an action at law, when the party seeking the injunction has a good defense at law.
3. SAME—CRIMINAL PROCEEDINGS.
    Proceedings at law, not of a strictly civil nature, will not be enjoined except where the same right is sought to be substantiated both at law and in equity.
4. FORCIBLE ENTRY AND DETAINER.
    Proceedings in forcible entry and detainer are of a *quasi* criminal nature.

In Equity. Suit by the Northern Pacific Railroad Company against Charles W. Cannon and others, to quiet title. Heard on motion for an injunction. Denied. For former reports, see 46 Fed. Rep. 224, 237.
*F. M. Dudley* and *Cullen, Sanders & Shelton*, for complainant.
*Toole & Wallace* and *McConnell & Clayberg*, for defendants.

KNOWLES, District Judge. Plaintiff commenced an action in this court to quiet title to a certain tract of land in Lewis and Clarke county,

Mont. After the filing of the bill of complaint and the issuing of a subpœna, the defendants commenced an action of forcible entry and detainer against plaintiff, setting forth in their complaint that plaintiff had forcibly obtained and was retaining by force the premises in dispute. The plaintiff then applied to this court to restrain this action of forcible entry and detainer. A restraining order was obtained, and the cause, upon the application for an injunction, set down for a hearing during the present term of this court, and was argued and submitted. Plaintiff claims that this action would interfere with the proceedings in equity to quiet the title of plaintiff. The action of forcible entry and unlawful detainer in no way determines the title to the premises in dispute, or right to the possession thereof. *Parks* v. *Barkley*, 1 Mont. 514; *Boardman* v. *Thompson*, 3 Mont. 387. Equity interferes by injunction to restrain an action at law to recover possession of real estate when a person seeking the injunction has an equitable title, and the person sought to be enjoined has a legal title, which has been obtained by fraud or mistake. In such a case the action at law is stayed until the equitable rights of the parties are determined. It is held that upon such a state of facts it would be giving the plaintiff in the action at law an unfair advantage to allow him to proceed and obtain judgment, but in this case the plaintiff has a legal title, and claims actual possession of the premises, the title to which it would quiet. The issue in forcible entry and unlawful detainer in such a case as this is as to whether the defendant in that action by force obtained the possession of the premises from plaintiff, and withholds the same from plaintiff. This is not an issue presented in this case at bar for the consideration of the court. It cannot be called upon to enter any judgment or decree upon such an issue. There is no showing in the application for an injunction herein that plaintiff has not a good and legal defense to the action of forcible entry. It is an established rule in equity that a court will not enjoin an action at law when a party seeking the injunction has a good defense at law. *Grand Chute* v. *Winegar*, 15 Wall. 373. There are presented no grounds of equitable defense to this action which should be first determined before a proper defense to the action at law could be maintained. Plaintiff has cited some English cases where criminal proceedings in the nature of forcible entry were enjoined: *Mayor, etc.,* v. *Pilkington*, 2 Atk. 302; *Montague* v. *Dudman*, 2 Ves. Sr. 398; *Attorney General* v. *Cleaver*, 18 Ves. 220. But it should be observed that these were cases of injunction against the plaintiff, who was proceeding in a civil suit upon the same matter of right as well as in a criminal proceeding. In Story's Equity Jurisprudence (section 893) it is laid down as a general rule that courts of equity "will not interfere to stay proceedings in any criminal matters, or any cases not strictly of a civil nature;" and that learned author says the exception to this is where the party seeking redress by a criminal action or *mandamus* or an information or a writ of prohibition is the plaintiff to an action in equity. The rule is, plaintiff may be restrained if he is seeking to substantiate the same right in both proceedings. The general rule is that proceedings in forcible entry are *quasi*

criminal. *Sheehy* v. *Flaherty*, 8 Mont. 365, 20 Pac. Rep. 687; 2 Daniells, Ch. Pl. & Pr. 1620. Other cases might be cited to the same effect. Courts of equity, it is held by the supreme court in *Re Sawyer*, 124 U. S. 200, 8 Sup. Ct. Rep. 482, will not restrain criminal proceedings. In regard to the action of forcible entry and unlawful detainer, High on Injunctions (1st Ed. § 65) lays down the rule that, without some special reasons indicating "certain and manifest irreparable injury," a court will not stay an action for the same; and says that when a party comes into court seeking equitable relief he must come with clean hands, and that one who has been guilty of a forcible entry does not so come into a court of equity. Supporting these views are *Crawford* v. *Paine*, 19 Iowa, 172; *Lamb* v. *Drew*, 20 Iowa, 15. It is said that allowing this action to proceed might have the effect of ousting this court of jurisdiction to try this cause. I do not say that would be an effect of a judgment in the action of forcible entry and detainer should the defendant recover judgment therein. But if it would, I should still see no reason for granting the injunction. Jurisdiction of a court, obtained by fraud, cannot be sustained. Brown, Jur. § 43, and note 3. The application for an injunction is denied, and the restraining order set aside.