ISADOR ROBINSON, Appellee, v. J. E. VARNER et al., Appellants.

**FORCIBLE ENTRY AND DETAINER:** Judgment—Staying Execution.
 The execution of a judgment of removal in forcible entry and de-
 tainer in a court of record may be stayed, on appeal, by proper
 supersedeas bond.

Headnote 1.  26 C. J. p. 879 (1926 Anno.)

*Appeal from Des Moines Municipal Court.*—J. E. MERSHON,
·Judge.

DECEMBER 11, 1924.

*Havner, Flick & Powers,* for appellants.

*Reson S. Jones* and *Isador Robinson,* for appellee.

PER CURIAM.—The judgment appealed from was entered in
the municipal court of the city of Des Moines in an action of
forcible entry and detainer. The defendants, appellants herein,
filed an application in this court for an order to stay all proceed-
ings in the court below, pending the appeal. A stay order was
issued by one of the judges, to vacate which a motion was filed
by appellee, placed on the motion calendar, and submitted in
regular court on motion day. The ground of the motion is that
this court is without authority to stay execution in an action of
forcible entry-and detainer, and that the appeal is not in good
faith, but for the purpose of delay only. We are not disposed
to consider the latter ground.

Actions of forcible entry and detainer are summary in their
character, and may be commenced in the district, municipal, and
superior courts within the county, and in justice of the peace
courts within the township, where the subject-matter of the
action is situated. Chapter 230, Section 1, Acts of the Thirty-
seventh General Assembly. Chapter 230 further provides that
appeals may be taken from all judgments rendered in the justice
court, to the district or superior court, as provided by law.

Section 4220 of the Code of 1897 provides:

"An appeal or writ of error, taken from the action of a justice of the peace in such action in the usual way, if the proper security is given, will suspend the execution for costs, and may, with the consent of the plaintiff, prevent a removal under execution, but not otherwise."

This provision of the statute relates only to appeals from judgments entered in justice of the peace courts. It in no wise restricts the right of appeal from a judgment entered in a court of record. The right of appeal from a judgment entered in the district court has not been questioned in this court, and has apparently been upheld. *Herkimer v. Keeler,* 109 Iowa 680; *Denecke v. Miller & Son,* 142 Iowa 486.

Section 4100 of the Code of 1897 provides that:

"The Supreme Court has appellate jurisdiction over all judgments and decisions of all courts of record, except as otherwise provided by law."

There being no restrictions upon the right of appeal from courts of record in actions of this character, we know of no reason why the general rule for staying execution by filing a supersedeas bond, as allowed by Section 4128 of the Code of 1897, is not applicable to appeals in forcible entry and detainer cases. Unless the provisions of Section 4128 are applicable to appeals in such cases, or there is power in the court to stay proceedings pending the appeal, its appellate jurisdiction would be of little value to litigants. The inherent court has power to protect its appellate jurisdiction. The anomalous condition which this holding will create in actions prosecuted in a justice of the peace court is due wholly to the statutes quoted. This can easily, and should, be remedied by the legislature. Actions of forcible entry and detainer often, as in the case before us, involve a controversy over purely contractual rights; and there is no apparent reason why a different rule should be applied to leases than to other forms of contract. We are of the opinion that supersedeas will lie to prevent execution, upon appeal to the Supreme Court from a judgment in favor of the plaintiff in an action of forcible entry and detainer. A bond having already been filed in this court, the motion to vacate the writ will be—
*Overruled.*