E. N. FARBER, Appellant, v. W. E. RITCHIE et al., Appellees.

No. 41195.

October 20, 1931.

R. J. Smith, for appellant.

Thomas J. Bray, for appellees.

DE GRAFF, J.—This case involves two questions: (1) Did the lower court err in denying the appointment of a receiver, and (2) did the lower court err in dissolving a temporary writ of injunction?

The record facts are as follows: Upon a suit to subject real property, alleged to have been fraudulently conveyed, to the payment of a debt already in judgment, the court entered a decree in favor of the plaintiff, established title in the judgment debtor, created a lien thereon in favor of the plaintiff, subject to a mortgage debt of $16,000, and "subject to the payment of the sum of $501.60 by Plaintiff" to one who had paid the interest on the mortgage, and made said sum of $501.60 a lien on said premises superior to that of plaintiff. Said decree further provided that said land should be sold under special execution to satisfy said judgment, subject to said mortgage lien and to said interest payment lien; and that after the expiration of the time

within which said property might be redeemed by the owner, said owner's right, title and interest therein should cease and determine.

The real estate was sold on May 29, 1930, and a sheriff's certificate of purchase issued to plaintiff. No redemption from said sale was ever made and on June 10, 1931, a sheriff's deed was issued to the plaintiff, conveying said property to her, subject, of course, to said mortgage lien and said interest payment lien. Some time after this decree was entered, the holder of the mortgage foreclosed the same and the property was sold thereunder on January 12, 1931, and the equity of redemption will expire on January 12, 1932.

The plaintiff in the first suit is Elizabeth S. Phillips, Executrix; the defendant in whom the title was reinvested is John McIlrath; the defendant who paid the interest is M. L. Fisher. The plaintiff in the foreclosure suit is the American Commercial & Savings Bank of Davenport, Iowa. No question is raised as to the foreclosure decree, nor does it appear in the record of the case.

On April 18, 1931, McIlrath made and delivered to E. N. Farber of Marshalltown, his attorney, as trustee for certain purposes therein named, an assignment of the rents, profits, income and share of crop then due and thereafter to become due him from the real estate in question, and authorized said Farber, as trustee, to take whatever action he might desire to enforce the payment thereof.

On May 25, 1931, Fisher, the interest payment lien holder, assigned to Farber, as an individual but not as trustee, his judgment and lien, and authorized Farber to proceed in any lawful manner to make said judgment out of said real estate.

Two days thereafter, and on May 27, 1931, and two days before all equity of redemption should expire for McIlrath, May 29, 1931, Farber, as assignee and trustee of McIlrath and as assignee of Fisher, entered into a lease with one Ritchie and wife, whereby Farber leased said property to Ritchie and wife from May 27, 1931, to January 12, 1932, the date when the equity of redemption would expire for all persons from the sale of the land under the foreclosure sale. Ritchie and his wife were tenants on the same property in the year 1930.

By an oral lease, made at or before March 1, 1931, through

one James C. McIlrath, the property was leased by John Mc-Ilrath to the Ritchies from March 1, 1931, to January 12, 1932.

Some time after June 10, 1931, the date of the sheriff's deed, the executrix commenced an action in forcible entry and detainer to recover possession of said property from the Ritchies. Farber, alleging to be the owner of the Fisher judgment and also the owner of the crops, rents and profits of said property by virtue of assignment from McIlrath, intervened, alleging no title in plaintiff, and defendants Ritchie answered, denying title. A motion to strike the petition, and a motion to remove said cause to the district court by intervener, were filed. The motion to strike was sustained and the motion to remove said cause to the district court was overruled by the Justice of the peace whereupon Farber, as an individual, filed petition in equity, asking temporary injunction against the Justice of the Peace and against the Executrix from proceeding further, and also asking the appointment of a receiver of the lands and crops. The temporary injunction was issued and afterwards dissolved upon motion, and the request for the appointment of a receiver was denied. From the order dissolving the injunction and from the refusal to appoint a receiver, the plaintiff appeals. The record facts are not in dispute with respect to the material matters. The application of the law to the facts is in no sense difficult when the whole picture is made and presented for inspection.

■ ■ The appellant claims that the executrix never had a lien on the property because of the peculiar wording of the decree in the case brought to set aside fraudulent conveyances, in that the decree provided that the judgment of the executrix was established as a lien "subject to the payment of the sum of $501.60," to the interest payor Fisher. This contention is readily answered. The provisions of the decree later on direct the property to be sold subject to this lien, and further, by statute, the judgment was a lien at the time title to the land was restored to John McIlrath. We do not consider the wording of the decree sufficient to prevent the lien of the judgment from attaching unless and until the judgment creditor had paid off the lien of Fisher. In other words, the payment by the executrix of the Fisher lien was not a condition precedent to the attaching of the judgment lien upon the property in question when title was restored in the judgment debtor.

The executrix, therefore, had a right to sell the property subject to the mortgage lien and to the interest payor's lien. She had a right to bid in the property at sheriff's sale thereof. She had a right to accept the sheriff's deed therefor, which placed the title in her subject to the mortgage lien and to the Fisher lien.

 This holding disposes of all of the contentions made by the Ritchies and by Farber, Trustee, and Farber, individual, that the executrix had no title and that the sheriff's sale unto her was void. Being possessed of the title to said land, executrix commenced her action of forcible entry and detainer against the tenants, Ritchies. Proceedings were there had as hereinbefore stated. Without awaiting the final determination of said forcible entry and detainer suit, the plaintiff secured a temporary writ of injunction in the district court, which enjoined the plaintiff and Justice from proceeding further. Upon motion to dissolve, the temporary writ was nullified. Was this error?

By an opinion written by Cole, J., and filed in this court on June 28, 1865, in the case of Crawford v. Paine, 19 Iowa 172, this court said:

"The action which is thus sought to be enjoined, is one for forcible entry and detainer; an action of a *quasi* criminal character, wherein the verdict is properly 'guilty' or 'not guilty.' This action was, by the earlier decisions, held to be beyond the jurisdiction of the Court of Chancery to determine, Hamilton v. Hendrix' Heirs, 1 Bibb., 70; McGinn v. Stewart 1 Monr., 190. And although the later cases hold that it is within the jurisdiction of a court of equity to enjoin such a proceeding, yet, in view of the purpose of such action and the necessary *actual wrong* on the part of a defendant liable to it, such power should only be exercised by a court of equity where a certain and manifest irreparable injury would result unless its restraining power was exerted.

"This is manifest from one of the fundamental rules of courts of equity, to wit, that suitors in that tribunal must come with clean hands; that is, they must present themselves without any taint of wrong adhering to them in relation to the matter about which they ask the interposition of the chancellor. In the theory of the law, one who is liable to the action for forcible

entry and detainer, has that taint of wrong upon him, and therefore is not, as a matter of right, entitled to the interference of a court of equity. If he is not liable to the action, and has done no wrong therein, he can successfully defend himself at law, and does not need the aid of the chancellor.

"The plaintiff does not show wherein or how he can suffer irreparable injury, nor does it occur to us in what manner such injury can result. There is no allegation or suggestion in the petition of affidavits, that the defendant is insolvent, or in any way unable to account for the one-half the rent which may accrue to plaintiff during the litigation in case he shall be successful."

There are allegations in the instant petition that the executrix has no money or property with which to pay the $501.60 lien and Farber will be remediless unless the relief is granted. There is nothing in the record which discloses that the executrix is insolvent. The only evidence approaching such a fact is that of Farber in which he claims to know of nothing which the executrix possesses out of which his claims could be made. This falls far short of proving insolvency. Furthermore, the record being silent with respect thereto, we may assume that the executrix has executed and delivered bond for the faithful performance of her duties, as such; and even though she has not, the money, if any is received by her from the possession of the land, is in the hands of the court, and we cannot presume that the executrix will misappropriate funds entrusted to her care as an officer appointed by the court, especially in the absence of any evidence to the contrary.

The principle announced in Crawford v. Paine, supra, has been somewhat enlarged upon and adhered to in the following cases: C. G. W. Ry. Co. v. I. C. Ry. Co., 142 Iowa 459; Hall v. Henninger, 145 Iowa 230.

From what has been said, the judgment of the lower court in dissolving the temporary writ of injunction was right. In so holding, we pass no opinion upon the questions of right involved in the forcible entry and detainer matter. We do not consider any of those matters presented for our consideration. The statute points out the procedure whereby the questions therein

raised might finally reach this court, but that procedure has not yet been taken.

We do not feel called upon to discuss whether the assignments to Farber are valid, or whether the leases, one oral from McIlrath, and one written from Farber, trustee, to the Ritchies are valid; and, if so, for what length of time the Ritchies might hold thereunder. Those matters may be considered by us only after the issues presented by the pleadings have been tried out and determined by the lower court, and then upon appeal, if any party may feel aggrieved thereby. We do hold, however, that the decree of the court in the action to set aside fraudulent conveyances, and the sheriff's deed executed and delivered thereunder, vested title in the executrix as such, subject to the prior liens hereinbefore referred to.

The appellant claims that by virtue of Section 12713, Code of 1927, the lower court should have appointed a receiver and erred in not so doing. He claims to have a probable right or interest in the land and crops and that they are in danger of being lost or materially injured or impaired, unless a receiver is appointed. He asks that the receiver hold said property, subject to the orders of the court, to the end that his lien may be satisfied from the proceeds thereof.

Whatever else may be said about the case, as presented upon the record, it nowhere appears, by the evidence taken upon the trial of the application for the appointment of a receiver, that any of the property is in danger of being lost or materially injured or impaired.

There are abundant allegations in the petition, but a dearth of evidence to sustain them. When we consider that this is a controversy over property which, by virtue of a sheriff's deed, passed to the executrix of an estate, as such, which estate is being probated in the State of Iowa and is within the control of the court where the estate is being probated, it is difficult to understand, in the absence of any proof, that the court, or the executrix, in asserting title to the property in question, can be displaced by a receiver appointed by the same court, or at least, why one should be appointed. There is no more reason to think that a receiver would more ably protect the property involved than an executrix, appointed by the court. If the appellant has any rights in the proceeds of the crops, land, or leases, which are

superior to those.of the officer appointed to administer the estate of the man in whom the judgment against McIlrath rested during his lifetime, he has plenty of opportunity to assert his claim in the probate court, if the executrix ever collects or receives anything therefrom.

Since the appellant has not established the essential elements which must exist to entitle him to the appointment of a receiver, his prayer therefor was properly denied.

Upon the whole record, we hold that the temporary writ of injunction was properly dissolved, and the prayer for the appointment of a receiver properly denied.—Affirmed.

FAVILLE, C. J., and STEVENS, ALBERT, and WAGNER, JJ., concur.