FERDINAND RASMUSSEN, Appellant, v. RANS ALBERTS, Constable, et al., Appellees.

No. 41641.

FEBRUARY 7, 1933.

Crary & Crary and O. D. Nickle, for appellant.

Baron & Bolton, for appellees.

█ EVANS, J.—This injunction suit is a mere sequel to former events. Upon such events depends the propriety of the injunctional order that issued and of its dissolution that followed. One Tiffany was the owner of a farm of 240 acres, and the defendant Miller was his tenant and had been such for a period of five years. The original written lease was for the one year 1927. At the expiration of the year it was extended for another. At the expiration of each year it was orally extended annually until March 1, 1932. On Jan. 6, 1932, the farm was leased by Tiffany to this plaintiff. The defendant took the position that he had already secured an oral renewal of his own lease and refused to yield possession to his landlord, Tiffany. Tiffany thereupon brought a suit in forcible entry and detainer to recover possession of the property. Upon trial had in justice court, Miller was found guilty, and an execution issued, and possession was surrendered by him on the same day. Thereafter, pursuant to his lease, the plaintiff herein entered upon the peaceable possession of said farm and began the operation thereof and has so continued ever since. After the trial in justice court the defendant Miller sued out a writ of error in the district court. In his application therefor he averred that the justice of the peace had erroneously denied him a change of venue. The district court sustained the writ and remanded the case on the ground that the change of venue should have been granted. Upon remand of the case to the court of Justice Jones, it

was transferred by order of that justice to the court of Justice Ross. Date of new trial was fixed as June 6, and was later continued to June 13. On June 10, Tiffany appeared ·before Justice Ross and purported to dismiss the case. Thereupon the justice entered upon his docket the following entry: "This action is dismissed from this court." He also made an entry that the costs were paid by plaintiff. Thereafter on the 13th day of June the defendant appeared and Tiffany did not appear. On that date, in the absence of Tiffany, and without notice, the justice made the following entry on his docket: "Decision of Justice Jones of Grange Twp., Woodbury County, Ia., reversed. Order of removal cancelled." No order for restitution was entered upon the docket. However, a purported writ of restitution was signed by the justice and delivered to the constable. Thereupon, and on June 14, the constable and the defendant purported to execute the writ and to oust this plaintiff from his possession of the premises. This attempted ouster became the occasion for suing out a temporary writ of injunction. The case has its peculiarities. The special remedy provided by the statute is a provisional and summary method of ousting one who is alleged to be wrongfully in possession of real estate. In Kelley v. Kelley, 187 Iowa 349, we had occasion to discuss the character of the remedy. The case is not decisive of the case before us, but it throws considerable light upon the limitations under which this remedy is prosecuted. We quote therefrom as follows:

"Further than that, it appears that the action in the justice court was commenced on the 11th day of March, 1918, tried on that day to a jury, and a verdict of guilty returned against the defendant, and a judgment of ouster entered upon the verdict. It does not appear when the defendant took the appeal from that judgment. He took the appeal, however, to the district court. Either before the appeal, or pending the appeal in the district court, he removed, with his family, from the premises, and the same were surrendered to the possession of Karnes, under the lease hereinbefore referred to; at least, Karnes took possession before a hearing was had on the appeal and was in possession at the time of said trial. The trial in the district court was begun and closed on the 19th day of April, 1918. At that time, Karnes was in possession under his lease, and the defendant was not in possession. An action of forcible entry is not for the purpose of determining the title or the right to the pos-

session in a broad sense, but rather to determine whether or not the defendant, at the time the suit is heard and determined, is wrongfully in possession. If, at the time the suit is heard and determined, he has surrendered possession to the one claiming the right, and is no longer in possession, there is nothing for the court to try. The result, though favorable to the defendant, could settle nothing. The purpose of the trial is to secure the ouster. The defendant having left the premises absolutely before the case reached the district court, there was no need of an ouster, for the ouster was complete by the voluntary action of the defendant, made after the judgment in the justice court. So far as the district court was concerned, therefore, the case had abated. There was nothing for the district court to hear or determine, because there was no detainer at that time. No action of the court could change the situation from what it was at the time the cause was brought on for trial. It is our opinion, therefore, that, when it was made to appear in the district court that the defendant had voluntarily removed from the premises, the court should have dismissed the action. Forcible entry and detainer does not involve the title nor the right to the possession. There is involved only the question whether or not the defendant is wrongfully detaining possession at the time of the trial. If he is not in possession at all, he cannot be said to be wrongfully detaining. The possession against which this statute is lodged is actual possession, not constructive possession, or the right to possession. Defendant, by removing from the premises immediately upon the return of the verdict in the justice court, acquiesced in such finding, and, after his removal from the premises there was nothing left for determination upon the appeal; and the court should have so found. Upon appeal to the district court, the cause was triable *de novo,* the same as though no trial had been had in the justice court, and the rights of the parties are to be judged by the status of the parties at the time of the hearing in the district court. It then appeared that defendant was not in possession, either rightful or wrongful, and the action should have abated, and left the parties to any remedy they have outside of the remedy of forcible entry and detainer."

The general statutory provisions concerning the issuance of a writ of error from the district court to the justice court are Sections 10605, 10612, 10613, and 10762. This case is not governed by the foregoing sections.

The sections of the statute applicable in this particular case are Sections 12282, 12283, and 12284, as follows:

"12282. An appeal or writ of error, taken from the action of a justice of the peace in such action in the usual way, if the proper security is given, will suspend the execution for costs, and may, with the consent of the plaintiff, prevent a removal under execution, but not otherwise."

"12283. If the defendant is found guilty, judgment shall be entered that he be removed from the premises, and that the plaintiff be put in possession thereof, and an execution for his removal shall issue accordingly, to which shall be added a clause commanding the officer to collect the costs as in ordinary cases."

"12284. The court, on the trial of an appeal, may issue an execution for removal or restitution, as the case may require."

These sections are contained in the Code chapter dealing with the subject of Forcible Entry and Detainer. With these statutory provisions before us we proceed to a consideration of the jurisdiction of Justice Ross in the certain orders made by him.

On June 10, Tiffany appeared before him and moved to dismiss his case. The justice entered an order of dismissal, as already indicated. This order was justified under our holding in the Kelley case, supra. On June 13, the defendant appeared. On that date the justice entered upon his record the statement which we have already quoted, viz: "The decision of Justice Jones is reversed. Order of removal cancelled." Such was his complete entry. One infirmity in this final order was that his record showed a dismissal of the case on June 10. There was no order by him setting aside the order of June 10, as provided by Sections 10548 and 10549. Whether such sections would have permitted him to set the order aside upon the mere application of the defendant, we need not decide. It is enough for the present purpose that he did not set aside the order of dismissal. Upon such a record he had no jurisdiction to enter the order of June 13. Moreover, the very form of the order of June 13 was quite nugatory. It did not purport to be a finding or judgment upon the issue whether the defendant was guilty or not guilty. One might infer that it was in the mind of the justice that the defendant was not guilty. But the judgment even of a justice may not rest in his mind. It must in some adequate form appear upon his record. This record was a mere blank so far as the entry

of any judgment was concerned. It was not the function of Justice Ross to reverse Justice Jones. That had already been done by the district court. The courts are always disposed to read the records of an inferior tribunal with great liberality. Even so, there must be a limitation to liberality.

The only writing before us that purports to make a finding favorable to defendant Miller is the writ of restitution issued by the justice. He made no order for such restitution. It is claimed, however, that the district court had made such order of restitution. The only power conferred upon the district court under Section 12284 is to make such order of restitution himself in *appeal* cases. Section 10613 has no application to the case. If Miller had appealed his case, it would have been triable on the merits in the district court. Upon a finding in his favor, the court would be empowered to make the order of restitution under such section. But Miller chose to sue out a writ of error. The only relief which could be extended under writ of error would be to reverse and remand for a new trial. In such a case the district court is not empowered to order restitution. The reason for the statutory distinction doubtless is that the remedy is intended to be summary, and is not intended to settle all the rights of the parties. When the defendant Miller chose to proceed by writ of error and to waive his appeal, he thereby waived the benefit of procedure by appeal. In the meantime, Rasmussen had entered peaceably into possession of the farm and had planted his crops. It would serve the interests of neither party to let the land lie fallow. In any event, the procedure to be followed is strictly statutory and was obligatory upon each party. We see no escape from holding that the justice lost his jurisdiction on June 10 when he entered the order of dismissal. Whether he could have reasserted his jurisdiction thereafter, pursuant to Sections 10548 and 10549, we have no occasion to consider, because no such procedure was attempted. We must hold also that no judgment for or against the defendant Miller was entered. This of itself would render nugatory the writ of restitution which the justice purported to issue.

The result is that the action of the constable and of the defendant in attempting an ouster of the plaintiff under color of the writ of restitution was an act of threatened trespass, and rendered them subject to injunctional restraint. The temporary writ of injunction was therefore properly issued; nor does the record disclose any appropriate reason why it should have been dissolved.

For the reasons herein set forth, the order complained of is—Reversed.

KINDIG, C. J., and STEVENS, ALBERT, UTTERBACK, DONEGAN, and KINTZINGER, JJ., concur.