HENRY SCHULDT, Plaintiff, Appellant, v. WILLIAM H. LEE, Defendant, Appellee.

No. 44581.

FEBRUARY 7, 1939.

Robert P. Munger and Crary & Crary, for appellant.

K. T. Wilson and F. H. Rebelsky, for appellee.

STIGER, J.—William H. Lee, defendant in this action, brought an action in forcible entry and detainer against Henry Schuldt, plaintiff in the instant case, in a justice of the peace court, the jury returned a verdict for Lee and judgment was entered with order for repossession and removal of Schuldt who appealed to the district court of Woodbury county.

Schuldt brought this suit to enjoin the justice of the peace from issuing execution for his removal pending the appeal alleging that if execution for removal was issued that he would be irreparably damaged for the reason that if he were removed from the premises the case would be moot on appeal because he would not be in possession of the premises and there would be nothing for the district court to determine, the rights of the

parties being judged by their status at the time of the hearing in the district court, and, in effect, he would lose his right of appeal. · Plaintiff also states that the defendant is insolvent.

A temporary injunction was issued without notice. Defendant filed a motion to dissolve the temporary injunction which was sustained. Plaintiff appealed from the order dissolving the temporary injunction.

Appellant's position is that the case will be tried de novo on the appeal to the district court and if he is refused the aid of equity and removed from the premises he will be held to have acquiesced in and performed the judgment for his removal from the premises entered in the justice court, and, there being no detainer, there would be no issue for the district court to determine and appellant would be deprived of his right to appeal and trial de novo in the district court.

■ If appellant were removed by execution from the premises pending appeal to the district court or vacated the premises in order to avoid a forcible removal, such involuntary surrender of the premises would not constitute an acquiescence in and performance of the judgment and waiver of his right of appeal. Hanes v. See, 175 Iowa 67, 156 N. W. 852.

A voluntary surrender of the premises by appellant would constitute a voluntary performance of the judgment, and there being no detainer, no subject matter of controversy, the case would be moot and appeal dismissed. Kelley v. Kelley, 187 Iowa 349, 174 N. W. 342; Rasmussen v. Alberts, 215 Iowa 644, 246 N. W. 620; Sherman v. Moore, 222 Iowa 1359, 271 N. W. 606.

Appellant's fear that he will lose his right to a trial in the district court if he is removed by execution or vacates the premises to avoid forcible removal is groundless. There is no evidence that defendant is insolvent, or of irreparable injury.

■ II. The summary remedy of forcible entry and detainer is statutory and found in chapter 519, 1935 Code, which consists of sections 12263-12284, inclusive. Section 12267 provides that if judgment is rendered in a justice court appeal may be taken to the district or superior court as provided by law.

Code section 12282 reads:

"12282. Appeal or writ of error. An appeal or writ of error, taken from the action of a justice of the peace in such action in the usual way, if the proper security is given, will sus-

pend the execution for costs, and may, with the consent of the plaintiff, prevent a removal under execution, but not otherwise.''

The legislature determined the manner and limitations by which an appeal may be taken and provided that an appeal would prevent a removal under execution with the consent of the plaintiff *but not otherwise.* See Robinson v. Varner, 199 Iowa 109, 201 N. W. 70.

Equity will not interfere in forcible entry and detainer proceedings in the absence of fraud or mistake or a showing of manifest irreparable injury. Crawford v. Paine, 19 Iowa 172; Lamb v. Drew, 20 Iowa 15; Farber v. Ritchie, 212 Iowa 1396, 238 N. W. 436; N. Pac. R. Co. v. Cannon, C. C., 49 F. 517; High on Injunctions, 4th Ed., section 47. The reason for the rule is well stated in Crawford v. Paine, supra.

The trial court was right in sustaining the motion to dissolve the temporary injunction.—Affirmed.

MITCHELL, C. J., and all JUSTICES concur.