**Loren W. DITTMER, Appellee,**

v.

**Anthony BAKER and Joyce Miller, Appellants.**

**No. 62411.**

Supreme Court of Iowa.

June 27, 1979.

Robert W. Powers and Robert C. Oberbillig, Des Moines, for appellants.

Considered by REYNOLDSON, C. J., and UHLENHOPP, McCORMICK, McGIVERIN, and LARSON, JJ.

UHLENHOPP, Justice.

Plaintiff Loren W. Dittmer brought a forcible entry action under small claims procedure against defendants Anthony Baker and Joyce Miller based upon nonpayment of rent for a dwelling in Des Moines, Iowa. Defendants had withheld rent because of plaintiff's failure to make promised repairs and meet housing code requirements. The trial court rendered judgment for plaintiff on a ground we need not now consider. Defendants sought discretionary review but later vacated the premises. The controversy thus became moot. *See Board of Directors v. Green*, 259 Iowa 1260, 1264, 147 N.W.2d 854, 856 (1967); *Schuldt v. Lee*, 226 Iowa 189, 190, 284 N.W. 89, 90 (1939). We nonetheless granted discretionary review under the exception which allows consideration of issues involving substantial public interest. *Id.*

Defendants filed a brief, but plaintiff did not appear. Upon closer examination we conclude that a substantial public interest issue is not sufficiently presented in this case, and that we improvidently granted review. We therefore dismiss the appeal.

The criteria for determining whether a substantial public interest issue exists include "(1) the public or private nature of the question presented, (2) desirability of an authoritative adjudication for future guidance of public officials, and (3) likelihood of future recurrence of the same or similar problem." *Board of Directors v. Green*, 259 Iowa at 1265, 147 N.W.2d at 856. An important consideration is whether "the situation is such that often the matter will be moot before it can reach an appellate court." *Danner v. Hass*, 257 Iowa 654, 660, 134 N.W.2d 534, 539 (1965).

This appeal does not sufficiently meet the criteria. Defendants ask us to deal by decision with the problem of forcible entry in cases of alleged lease and housing-code violations. But in addition to local ordinances by councils, the legislature has addressed this problem by statutes covering most cases. The legislature first enacted the state housing law, which applies in cities of 15,000 population or more. Ch. 413, The Code 1979. (Cities under 15,000 may adopt housing ordinances and regulations not inconsistent with chapter 413. § 413.2. *See also* § 413.9.) Section 413.105 of that law requires a landlord to obtain a certificate from the health officer that the dwelling complies with the requirements of chapter 413. Section 413.106 then provides:

If any building hereafter constructed as, or altered into, a dwelling be occupied in whole or in part for human habitation in violation of section 413.105, during such unlawful occupation no rent shall be recoverable by the owner or lessee of such premises for said period, and *no action or special proceeding shall be maintained* therefor or *for possession of said premises for nonpayment of said rent,* and said premises shall be deemed unfit for human habitation and the health officer may cause them to be vacated accordingly. (Emphasis added.)

Section 413.106 applies to buildings "hereafter" constructed as or altered into dwellings; the act was adopted in 1919. 1919 Session, 38th G.A., ch. 123.

In 1978 the legislature dealt more comprehensively with the problem by enacting the Uniform Residential Landlord and Tenant Act, without repealing chapter 413. Ch. 562A, The Code 1979. *See* Op. Att'y Gen. (Johnson to Schnekloth, April 24, 1979). Section 562A.15 in substance requires the landlord to maintain premises which comply with the housing code, and section 562A.24 states in paragraph 1:

1. In an action for possession based upon nonpayment of the rent or in an action for rent where the tenant is in possession, the tenant may counterclaim for an amount which the tenant may recover under the rental agreement or this chapter. *In that event the court from time to time may order the tenant to pay into court all or part of the rent accrued and thereafter accruing, and shall determine the amount due to each party. The party to whom a net amount is owed shall be paid first from the money paid into court, and the balance by the other party. If rent does not remain due after application of this section, judgment shall be entered for the tenant in the action for possession.* If the defense or counterclaim by the tenant is without merit and is not raised in good faith the landlord may recover reasonable attorney's fees. (Emphasis added.)

This quoted paragraph has been said to give tenants "a great deal of leverage to force landlords to make needed repairs." Under this section, even if the tenant over-deducts rent, the tenant will be able to remain in possession "if he is willing and able to meet his obligation to pay the net rental amount due." 63 Ky.Law J. 1046, 1065 & n.95 (1975). *See also* Note, *Tenant Self-Help Remedies Under the Iowa Residential Landlord-Tenant Act: Iowa Tenants Join the Twentieth Century,* 28 Drake L.Rev. 407, 422 n.98 (1979). Chapter 562A applies to "rental agreements entered into or extended or renewed after January 1, 1979." § 562A.37.

In view of the extensive statutory scheme, the mootness of this particular case, and the absence of briefing on one side of the controversy, we believe we should not use this appeal as a vehicle to fashion a common law defensive system in forcible entry cases. Such an effort involves complexities, as chapter 562A itself demonstrates. *See also Fritz v. Warthen,* 298 Minn. 54, 213 N.W.2d 339 (1973). This is not the proper case for such an undertaking.

APPEAL DISMISSED.